The **RUSH STREET RUGBY SHOP, LTD.**
and **Miss Rugby Shop, Ltd., Plaintiffs-Appellants,**
and **One East Manufacturing Co., Ltd.,**
Plaintiff,

v.

**MARYLAND CASUALTY COMPANY,**
Defendant-Appellee.

No. 17227.

United States Court of Appeals
Seventh Circuit.

April 11, 1969.

Rehearing Denied May 5, 1969.

George C. Rabens, Chicago, Ill., for plaintiffs-appellants.

James T. Ferrini, Norman A. Miller, Fredric H. Stafford, Clausen, Hirsh, Miller & Gorman, Chicago, Ill., for defendant-appellee.

Before KILEY and SWYGERT, Circuit Judges, and HOLDER, District Judge.[1]

SWYGERT, Circuit Judge.

This is a diversity action brought by The Rush Street Rugby Shop, Ltd., Miss Rugby Shop, Ltd., and One East Manufacturing Co., Ltd. against the Maryland Casualty Company to recover for loss and damage to the contents of the plaintiffs' business establishments under the defendant's fire insurance policy which covered the plaintiffs' loss for such an event. The complaint was filed by all three plaintiffs who appeared jointly as insureds under the policy, but the complaint alleges loss and damage only to two plaintiffs, The Rush Street Rugby Shop, Ltd. and Miss Rugby Shop, Ltd.

---

1. Judge Holder is sitting by designation from the Southern District of Indiana.

In its answer, Maryland Casualty Company asserted that the plaintiffs were barred from pursuing the action because of their delinquency in paying the franchise taxes assessed against them by the State of Illinois. Thereafter, the defendant moved for summary judgment, predicating its motion upon the plaintiffs' tax delinquency and asserting further that because of the policy suit limitation provision the restoration of the plaintiffs to good standing by their payment of the delinquent franchise taxes came too late to permit the maintenance of the action. The district court granted the defendant's motion for summary judgment and dismissed the action. The plaintiffs appeal from this judgment.

The insurance policy upon which the plaintiffs' action is based contains a provision requiring that the action against the insurer be commenced within twelve months following inception of the loss. Although the loss occurred February 8, 1966, the defendant expressly extended the time for filing an action from February 8, 1967 to April 10, 1967. On April 10, 1967, when the action was filed in the district court, the plaintiff Illinois corporations had not paid their required annual Illinois franchise taxes. Chapter 32, Section 157.142, Paragraph 2 of the Illinois Revised Statutes 1967, provides:

No corporation required to pay a franchise tax, license fee or penalty under this Act shall maintain any action at law or suit in equity until all such franchise taxes, license fees and penalties have been paid in full.

As previously mentioned, the defendant's answer asserted as a defense that the plaintiffs could not "maintain" the action because they were not in good standing by reason of their franchise tax delinquency. Immediately thereafter, the plaintiffs paid the 1966 franchise taxes due the State of Illinois and were restored to good standing as provided for by section 157.142. The sole question is whether by reason of the statutory disability imposed by section 157.-142 the plaintiffs were barred from commencing their action even though the complaint was filed within the time limitation period provided by the policy and as extended by the defendant.

The defendant contends that because of the plaintiffs' failure to pay the 1966 Illinois franchise taxes they were barred from filing this action on April 10, 1967. It is asserted that since the insurance policy suit limitation period expired prior to payment of the delinquent taxes and consequent reinstatement of the plaintiffs to good standing, the plaintiffs' claims under the policy must have been permanently extinguished. The defendant, relying primarily on Jorgensen v. Baker, 21 Ill.App.2d 196, 157 N.E.2d 773 (1959), argues that the situation presented there is indistinguishable from the instant case. We believe, however, that there are legally significant factual differences in *Jorgensen* which render the *Jorgensen* decision distinguishable from the case at bar. In *Jorgensen* the suit was filed within the applicable five-year statute of limitations. However, at the time the suit was filed, the plaintiff, an Illinois corporation, was in default in payment of its annual franchise tax. Later, the plaintiff paid the tax but after the statute of limitations had run. The Appellate Court of Illinois observed first that the Illinois courts had held that if a delinquent corporation had timely filed or commenced a suit, it might continue the prosecution of the action by subsequent compliance with the franchise tax statute. As authority the court relied on Sternberg Dredging Co. v. Estate of Sternberg, 351 Ill.App. 514, 115 N.E.2d 557 (1953), and Sheffield Steel & Iron Co. v. Joseph & Bros. Co., 238 Ill.App. 45 (1925). The court pointed out that the five-year statute of limitations had expired prior to the payment of the plaintiffs' franchise taxes. After stating that the plaintiff corporation "may have come within the rule as set out in the * * * [*Sternberg* and *Sheffield* cases]; but it did not, and we believe its effort, * * * in 1957 to get within the rule was futile as well

as belated," the court held: "The rule does not apply when the statute of limitation has run before a delinquent corporation reacquires the right to use the courts of our state. To hold otherwise would be to ignore the effect and purpose of the statute."

A significant difference between the *Jorgensen* case and the case at bar is that the plaintiff corporation in *Jorgensen* had been dissolved for nonpayment of state franchise taxes while the suit was in progress and therefore had no corporate powers. The plaintiffs in the instant case were never dissolved and were continuously functioning as active corporations. Another difference is that in *Jorgensen* the period of limitations for the institution of an action was fixed by statute, whereas in the instant suit the limitation was fixed by contract which provided "no suit or action on this policy * * * shall be sustainable in any court of law * * * unless commenced within twelve months next after the inception of the loss." Since the instant action was commenced by the filing of a complaint within the limitations period granted by the defendant, the only question is whether section 157.142 should apply so as to bar the action even though the plaintiffs later paid the delinquent franchise taxes and were restored to good standing. We believe a distinction should be drawn between the commencement of a suit within the insurance policy's limitations period and the maintenance of it in the Illinois courts before the payment of delinquent franchise taxes. If the Illinois Supreme Court were faced with the situation before us, we are of the view that it would draw an identical distinction and not follow the *Jorgensen* decision. As Judge Will said in his memorandum opinion in a companion case, The Rush Street Rugby Shop, Ltd., et al. v. The Aetna Casualty and Surety Company, et al., No. 67 C 211 (N.D.Ill., filed July 31, 1967): "Whether the franchise tax is paid before or after the one-year period has run can make no difference to defendants * * * because the only issue is whether the suit was legally *commenced* by a particular date, not whether the suit could be *maintained* on or by a particular date."

For the foregoing reasons we are of the opinion that the district court erred in dismissing the suit. The judgment is reversed.