**FLOR CIRINO & CARIB AUTO REPAIRS, INC.,**
**Plaintiffs**
**v.**
**HESS OIL VIRGIN ISLANDS CORP. and CARIB GAS CORPORATION OF ST. THOMAS, Defendants**

Civil No. 515-1972

**MARK VI, INC., Plaintiff**
**v.**
**HESS OIL VIRGIN ISLANDS CORP. and CARIB GAS OF ST. THOMAS, INC., Defendants**

Civil No. 554-1972

518

SEA KING ENTERPRISES, INC., Plaintiff

v.

HESS OIL VIRGIN ISLANDS CORP. and CARIB GAS OF ST. THOMAS, INC., Defendants

Civil No. 277-1971

WE HAUL, INC., Plaintiff

v.

HESS OIL VIRGIN ISLANDS CORP. and CARIB GAS OF ST. THOMAS, INC., Defendants

Civil No. 555-1972

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 14, 1973

VERNE A. HODGE, ESQ., St. Thomas, V.I., *for Flor Cirino & Carib Auto Repairs, Inc.*

VERNE A. HODGE, ESQ., St. Thomas, V.I., *for Sea King Enterprises, Inc.*

MITCHELL & HUNTER (RONALD T. MITCHELL, ESQ., of counsel), St. Thomas, V.I., *for We Haul, Inc.*

MITCHELL & HUNTER (RONALD T. MITCHELL, ESQ., of counsel), St. Thomas, V.I., *for Mark VI, Inc.*

GRUNERT, STOUT, HYMES & MAYER (JOHN E. STOUT, ESQ., of counsel), St. Thomas, V.I., *for Carib Gas of St. Thomas, Inc.*

BIRCH, DEJONGH & FARRELLY (ALEXANDER A. FARRELLY of counsel), St. Thomas, V.I., *for Hess Oil Virgin Islands Corp.*

CHRISTIAN, *Judge*

### MEMORANDUM AND ORDER

Defendants, Hess Oil Virgin Islands Corporation and Carib Gas of St. Thomas, Inc., have filed joint Motions to Dismiss against the corporate plaintiffs in the four above-captioned cases, on the ground that each plaintiff has failed to file and pay its annual Franchise Tax as required by Title 13 V.I.C. § 531. Section 533(a) of that title provides that "No corporation may commence or maintain any action in any court if it has not paid its annual franchise tax last due . . . ."

Plaintiff, WE HAUL, INC., in the civil action docketed at No. 555/1972, commenced its suit on November 24, 1972.

It was in default on that date, and had been since June 30, 1971. CARIB AUTO REPAIRS, INC., the corporate plaintiff in civil No. 515/1972, brought suit on November 10, 1972. Allegedly, that plaintiff had failed to pay the required franchise tax since June 30, 1970. However, no certificate by the Commissioner of Finance was filed in verification of this charge. MARK VI, INC., plaintiff in No. 554/1972, commenced its action on November 24, 1972, but had not paid its franchise tax since June of that year. Only SEA KING ENTERPRISES, INC., was not in default as of the date it filed suit on June 25, 1971. That plaintiff, however, failed to pay the tax which fell due on June 30, 1971, and was still in default on February 9, 1973, the date defendants filed their motions to dismiss. SEA KING achieved current status in so far as the statute is concerned, when, on February 16, 1973, it paid all sums due.

The motions raise several questions. Defendants maintain that because all plaintiffs had not paid their last due franchise taxes at the time the motions to dismiss were filed, all four actions must be dismissed. Plaintiffs, on the other hand, contend that:

1. subsequent compliance with the taxation requirement should be sufficient to defeat the motion; or, in the alternative,

2. the requirements of § 533 cannot be applied to an action sounding in tort, but must be limited to causes ex contractu and these, being tort claims, are not demurrable; or once again, in the alternative;

3. if the actions are to be dismissed the statute of limitations has not, in any event, expired and the complaints may be re-filed, either by the corporations after payment of delinquent taxes, or by the individual stockholders or corporate officers as trustees, or

521

4. if the two-year statute of limitation is found applicable, it is tolled by the filing of these actions, even though the corporate plaintiffs lack the capacity to proceed in the present civil actions.

■ As a background to the questions presented, I believe it is appropriate to first consider the terms of our statute, its legislative history and judicial interpretation. The present § 533 is based on sections 5 and 9 of Title II, Chapter 31 of the 1921 Code of Laws for the Municipality of St. Thomas and St. John. In turn, those sections of the 1921 Code were lifted from the governing statutes of the then Territory of Alaska. Our interpretation of the section is therefore controlled by the views of the courts of that territory in regard to their statute, at the time the sections were adopted in this jurisdiction. Williams v. Dowling, 4 V.I. 465, 318 F.2d 642 (3 Cir. 1963). However, the earliest Alaskan decision to consider the question, Richardson Vista Corp. v. Anchorage, 14 Alaska 1 (D.C. Alaska 1952), as much as it might be helpful by way of guidance and exemplification, is not, I believe to be deemed controlling, as it follows our adoption of their statute.

■ In Richardson the corporate plaintiffs complied with the statute after the action had been commenced. The court denied a motion to dismiss saying, "The general rule adhered to by the courts in construing similar statutes is that, upon compliance by the corporation—including compliance after the suit is filed—the action may be maintained and the suit will not be dismissed by reason of previous default." In support of that court's appraisal of the prevailing view, I find a clear majority of opinions in accord, on similarly worded statutes, Eastman & Co. v. Watson, 130 P. 1144 (Wash. 1913), and on statutes worded solely in terms of "maintaining or prosecuting, Inn Operations, Inc. v. River Hills Motor Inn Co., 152 N.W.2d 808 (Iowa 1967); Video Engineering Co. v. Foto-Video Elec-

tronics, Inc., 154 S.E.2d 7 (Va. 1967). Some courts have reached a contrary result where the governing statute made compliance a prerequisite to corporate existence, R. V. McGinnis Theatres & Pay T.V., Inc. v. Video Independent Theatres, Inc., 386 F.2d 592 (10 Cir. 1967), but even under those terms, compliance after commencement of an action has been held sufficient in some cases, Dinerco Construction, Inc. v. Wilstein, 4 Cal. App.3d 6, 85 Cal. Rptr. 851; Michigan Hills Rural Development, Inc. v. El Mac Hills Resort, Inc., 191 N.W.2d 733 (Mich. 1971). In the face of this formidable collection of authority, and particularly in accord with the Alaskan view, I conclude that compliance after the commencement of an action is sufficient under § 533.[1]

This conclusion, however, is not dispositive because of the statute of limitations issue. In spite of the general rule outlined above, several courts have held that compliance will not operate to protect an action from a motion to dismiss when the statute of limitations has expired, Jorgensen v. Baker, 157 N.E.2d 733 (Ill. 1959), cert. den. 361 U.S. 962; Fed. Crude Oil Co. v. Yountler Oil Co., 73 S.W.2d 969 (Tex. 1934), cert. den. 295 U.S. 741.[2]

Although there is a dearth of pointed authority, at least, one circuit has had occasion to consider the question, and

---

[1] This conclusion harmonizes with the policy expressed in 13 V.I.C. § 346, which in part states, ". . . no person . . . sued for injury done to its (a corporation) property shall be permitted to rely upon . . . want of legal organization" of the suing corporation.

[2] In the Texas case, the court had occasion to address the theory that the corporate plaintiff's statutory disability to bring suit tolled the applicable statute of limitations, and it was of the opinion that it did not, reasoning persuasively:

"We think it a sound proposition to say that a disability to sue, which is due wholly to the default of the person claiming its benefits and which at all times he had the power to remove, will not toll the running of the statute of limitations. At any time during that period . . . appellant had the right to revive its charter rights and resume all its corporate powers." (at p. 974).

The court pointed out that the consequence of adopting the tolling argument would be to empower corporations to indefinitely extended statutes of limitation simply by withholding their franchise taxes.

applying Illinois law, distinguished Jorgensen to reach a contrary result. The court avoided the Jorgensen holding on the basis of two distinguishing facts:

> A significant difference between the Jorgensen case and the case at bar is that the plaintiff corporation in Jorgensen had been dissolved for nonpayment of state franchise taxes while the suit was in progress and therefore had no corporate powers. The plaintiffs in the instant case were never dissolved and were continuously functioning as active corporations. Another difference is that in Jorgensen the period of limitations for the institution of an action was fixed by statute, whereas in the instant suit the limitation was fixed by contract . . . . Rush Street Rugby Shop, Ltd. v. Md. Casualty Co., 409 F.2d 540, 542 (7 Cir. 1969).

The Rush Street opinion does not explain why those two factors constitute significant distinguishing elements under the statute, either in terms of its policies or its legislative history, but the court's approach, I believe, is nonetheless clear. Jorgensen, read strictly, may in some circumstances work an evident injustice, and in that event, the court may strain to avoid the Jorgensen rule. Although I note that the instant cases meet at least one of the distinguishing criteria cited by the Seventh Circuit (none of these corporations are formally dissolved), I am convinced that these cases at bar do not require an election between Jorgensen and Rush Street, and I do not choose to anticipate that necessity.

All four cases stand on a narrower point on which I consider it prudent to base the decision, for as it is, I find no conflict in authority. The plaintiffs state causes of action in tort, the defendants being charged with having damaged personal property, business and real property interests in a violent explosion resulting from their lack of care, or attributable to them under principle of strict liability. Application of statutes prohibiting actions by corporations in default as to a statutory obligation, such

as that here involved, has been denied where the cause of action sounded in tort, Gamalski Hardware, Inc. v. Baird, 299 N.W. 757 (Mich. 1941); Johnson v. City of St. Louis, 172 F. 37 (8 Cir. 1909). In Gamalski, the local statute required corporations to file annual reports, in default of which they were forbidden access to the courts. Entertaining an action in replevin, the court declined to apply the statute to such an action remarking,

> . . . we arrive at the conclusion that neither a foreign nor a domestic corporation by closing business in this state in violation of the provisions of the General Corp. Act . . . shall be subject to a forfeiture of its property by refusal of the courts to entertain an action of this nature brought for the purpose of determining the title, and the right of possession, to the property involved in a replevin action. To hold otherwise would be to say that the property of a corporation, whose corporate franchise has been forfeited may be confiscated by anyone who by force or subterfuge is able to get possession thereof. To refuse redress through the courts under these circumstances is a deprivation of law and justice to the enforcement of property rights.

The Eighth Circuit reached the same conclusion in Johnson v. City of St. Louis, supra. In that case a Missouri statute provided that a foreign corporation which had not qualified itself to do business locally must pay a penalty of $1,000, and was under a disability to "maintain actions in the courts of that state", if it engaged in local business. In a suit to recover for damage done to a building by excavation of adjoining areas, the trial court directed a verdict against the corporate plaintiff in reliance on the statute. The Circuit reversed saying,

> A construction of the qualifying statutes of Missouri which would deprive a foreign corporation of the property it owned or of the liability of him who injured or destroyed that property, unless such a foreign corporation complied with the qualifying statutes of that state and did business in the state thereunder would make those statutes confiscatory and unconstitutional.

Whatever the minor variances between the statutes in Johnson and Gramalski, they cannot be the basis for avoiding the constitutional conclusion there reached. Confiscation of corporate property could not be a valid sanction for failure to pay franchise taxes if attempted on a direct basis, at least where the sums confiscated were in no way related to the amount of tax due. The same result achieved by indirect means is no less invalid, and as the legislature must be presumed to have intended and desired to enact constitutional legislation, this court is bound to adopt a construction which will render the statute valid if it is susceptible of such an interpretation, Port Const. Co. v. Government of Virgin Islands, 359 F.2d 663 (3 Cir. 1966).

█ No authority to the contrary has come to the court's attention, and relying on the two authorities cited, I conclude that § 533 has no application to suits sounding in tort.

To the extent that the parties have briefed issues beyond the scope of this opinion, I find it unnecessary to decide them, and confine my decision to the principles expressed herein.

### ORDER

Upon consideration of the joint motions of the defendants herein, seeking dismissal of their complaints in the above styled causes on the ground that the plaintiffs may not bring or maintain these actions by virtue of the provisions of Title 13, V.I.C. § 533(a), and the court being advised in the premises,

IT IS ORDERED that the said motions be, and they are hereby denied.