**KEITH ENTERPRISES, INC., Plaintiff**

v.

**THE CENTURION CORPORATION, V.I. SCHOTT CARIBBEAN CORPORATION, Defendants**

Civil No. 185-1971

District Court of the Virgin Islands

Div. of St. Croix

September 27, 1973

BRYANT, COSTELLO & BURKE, ESQS., Christiansted, St. Croix, V.I., *for plaintiff*

NICHOLS & SILVERLIGHT, ESQS., Christiansted, St. Croix, V.I., *for defendants*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

This is an action for debt based on a contract under which plaintiff corporation was to supply labor and materials to defendants for site preparation, earthwork and engineering at a construction site. Defendants, The Centurion Corporation, V.I. and Schott Caribbean Corporation, have moved for an Order dismissing the cause of action or, in the alternative, staying the proceedings. Defendants base their motion on Title 13 of the Virgin Islands Code, Section 533(a) which reads in part as follows:

"(a) No corporation may commence or maintain any action in any court if it has not paid the annual franchise tax last due. . . ."

Plaintiff, Keith Enterprises, Inc., failed to pay its annual franchise taxes for the years 1969, 1970 and 1971. As a result of this failure, and pursuant to Title 13, Section 533(c)(1) of the Virgin Islands Code, Keith Enterprises, Inc., was dissolved by order of the Government Secretary dated March 15, 1972.

A preliminary question has been raised as to the applicability of Section 533(a) to this action. In Flor Cirino & Caribe Auto Repairs, Inc. v. Hess Oil Virgin Islands Corp., and Carib Gas Corporation of St. Thomas, Civil

No. 515/1972, it was held that Section 533 has no application to suits sounding in tort. There, a motion to dismiss a tort action brought by a corporation which had failed to pay its franchise taxes was denied. The court quoted with approval from Gamalski Hardware, Inc. v. Baird, 299 N.W. 757 (Mich. 1941):

> To hold otherwise would be to say that the property of a corporation, whose corporate franchise has been forfeited may be confiscated by anyone who by force or subterfuge is able to get possession thereof. To refuse redress through the courts under these circumstances is a deprivation of law and justice to the enforcement of property rights.

I agree with the suggestion of the Hess Oil opinion that to apply Section 533(a) and dismiss an action, without giving the corporation an opportunity to pay its overdue taxes, would be confiscatory. However, I think the appropriate solution is not to hold that the section is inapplicable, but rather to afford the corporation an opportunity to reinstate itself as a corporation in good standing and proceed with the action. This alternative should be available to plaintiffs whether they sue in tort or in contract.

██ ██ It remains only for me to determine whether this solution is foreclosed by the statute itself. I observe first that there is nothing stated in Section 533 which could be interpreted as prohibiting a dissolved corporation from becoming reinstated during the litigation, thus avoiding a dismissal. Moreover, an Alaskan decision construing the statute on which our Section 533(a) is based denied a motion to dismiss saying, "upon compliance by the corporation—including compliance after the suit is filed— the action may be maintained and the suit will not be dismissed by reason of previous default." Richardson Vista Corp. v. Anchorage, 14 Alaska 1 (D.C. Alaska 1952). It is clear, then, that the statute does not prohibit the proposed solution. Therefore, I hold that in all actions com-

menced or maintained by a corporation which "has not paid its annual franchise tax last due," the corporation shall be allowed a reasonable time within which to become reinstated as a corporation in good standing before dismissal under Section 533(a) will be ordered. However, this general rule will not be applied, and dismissal will be proper, if the statute of limitations shall have expired by the time that the corporation shall be reinstated as a corporation in good standing. See Jorgensen v. Baker, 157 N.E.2d 733 (Ill. 1959), cert. denied, 361 U.S. 962. As the statute of limitations has not yet expired in this case, I conclude that the general rule applies, that immediate dismissal is not required by Section 533(a), and that plaintiff (presently a dissolved corporation) should be allowed a reasonable time within which to become reinstated as a corporation in good standing.

## ORDER

In conformance with the above Memorandum Opinion, it is hereby

ORDERED, that any further proceedings in this action be stayed for sixty (60) days during which time plaintiff may seek reinstatement as a corporation; and it is further

ORDERED, that in the event plaintiff has not been reinstated as a corporation and shall not furnish the Court with a Certificate of Good Standing within sixty (60) days, defendants' motion shall be granted and plaintiff's complaint shall be dismissed. The case will then go forward on the counterclaim and reply to the counterclaim.