The **UNITED STATES** of America, for the Use of **TRIANGLE LANDSCAPING CORPORATION**, Plaintiff,

v.

**HOME INSURANCE CO.**, Defendant.

No. 75 C 67.

United States District Court,
N. D. Illinois, E. D.

Oct. 8, 1975.

Aaron, Aaron, Schimberg & Hess, Chicago, Ill., for plaintiff.

Sol A. Hoffman, Maurice L. Davis, and Alvin L. Kruse, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MAROVITZ, Senior District Judge.

*Motion To Dismiss*

On January 8, 1975, plaintiff Triangle Landscaping Corporation ("Triangle") filed this Miller Act action invoking this Court jurisdiction pursuant to 28 U.S.C. § 1331 and 40 U.S.C. § 270a *et seq.* Triangle alleges that pursuant to a written subcontractor's agreement entered into on September 13, 1973 with Pathman Construction Company ("Pathman"), Triangle agreed to perform certain seeding, sodding and landscaping work at the Federal Archives and Records Center in Chicago, Contract No. 65–05BCA–0302; W.O. #10679, with payment of the $48,000 contract price to be made in accordance with a schedule of payments outlined in the contract.

Triangle alleges that Pathman defaulted on its payments as of November 16, 1974, at which time $21,700 was due. Despite Pathman's alleged default, Triangle continued to perform its seeding, sodding and landscaping obligations under the contract until January 24, 1974, at which time Pathman's repeated failure to pay forced Triangle to cease its work at the Federal Records Center.

Triangle alleges that it made timely demands upon defendant Home Insurance Company, Pathman's insurer pursuant to 40 U.S.C. § 270a(a)(1), (2), but that Home Insurance Company also refused to honor Triangle's claim.

Triangle therefore seeks judgment against Home Insurance Company in the amount of $25,000 along with costs and reasonable attorneys' fees.

Defendant has moved to dismiss this action on the ground that Triangle lacked legal capacity to maintain this action when filed since Triangle had been dissolved on November 26, 1974 by the Circuit Court of Cook County, pursuant to Ill.Rev.Stat. ch. 32, § 157.82, for failure to pay franchise taxes. *The People of the State of Illinois, ex. rel. William J. Scott, Attorney General v. A-AAAAAA American Training Systems American Driving Schools Incorporated et al.,* No. 74 CH 3000.

Rule 17(b) F.R.Civ.P. provides that "[t]he capacity of a corporation to sue or be sued shall be determined by

the law under which it was organized." Triangle is a corporation organized under the laws of the State of Illinois, and its capacity to sue in federal court is therefore governed by Illinois law.

Ill.Rev.Stat. ch. 32, § 157.131 requires every domestic corporation to pay annual and other franchise taxes to the Secretary of State "[f]or the privilege of exercising its franchises in [the] State," and Ill.Rev.Stat. ch. 32, § 157.142 provides, inter alia, that a corporation which is delinquent in the payment of franchise taxes will be prohibited from maintaining any action at law or suit in equity. § 157.142 provides in pertinent part:

> No corporation required to pay a franchise tax, license fee or penalty under this Act shall maintain any action at law or suit in equity until all such franchise taxes, license fees and penalties have been paid in full.

On March 10, 1975, however, two months after its filing of this action and approximately one and one-half months after the Miller Act's one-year statute of limitations had run, 40 U.S.C. § 270b(b), Triangle moved in the Circuit Court of Cook County to vacate the November 26, 1974 dissolution order, and paid its franchise tax arrears. On March 13, 1975 an order vacating the dissolution was entered.

The sole question presented, therefore, is whether Triangle's March 10, 1975 payment of its franchise tax arrears is effective retroactively so as to inject it with retroactive capacity to file its suit as of January 8, 1975—the date of its complaint, and at a time which was within the Miller Act's one-year statute of limitations. We hold that it does not, and accordingly grant defendant's motion to dismiss.

In *Jorgensen v. Baker*, 21 Ill.App.2d 196, 157 N.E.2d 773 (1959), *cert. denied* 361 U.S. 962, 80 S.Ct. 590, 4 L.Ed.2d 543 (1960), a suit was filed within the applicable five-year statute of limitations, though at the time the suit was filed, the plaintiff, an Illinois corporation, was in default in the payment of its annual state franchise taxes. By the time plaintiff paid its franchise tax arrears, the five-year statute of limitations had run. On defendant's assertion that plaintiff's action should be time-barred, the Appellate Court of Illinois held that while the subsequent payment of franchise taxes would normally be sufficient to allow a delinquent plaintiff to continue an otherwise timely lawsuit, "[t]he rule does not apply when the statute of limitations has run before a delinquent corporation reacquires the right to use the courts of our state. To hold otherwise would be to ignore the effect and purpose of the statute." 21 Ill.App.2d at 204, 157 N.E.2d at 777.

The similarities between *Jorgensen* and the case at bar are significant. First, here as in *Jorgensen*, the period of limitations involved is pursuant to a statute rather than a contract. Second, as in *Jorgensen*, the plaintiff corporation had been dissolved for non-payment of franchise taxes prior to and while the suit was in progress. Thus, the distinctions drawn by the Seventh Circuit in *Rush Street Rugby Shop Ltd. v. Maryland Casualty Co.*, 409 F.2d 540, 542 (7th Cir.), *cert. denied*, 396 U.S. 827, 90 S.Ct. 74, 24 L.Ed.2d 78 (1969), between its case and *Jorgensen* are wholly inapplicable.

In that our determination whether plaintiff was able to bring this suit is governed by state law, Rule 17(b) F.R. Civ.P., and the Illinois Court has clearly stated its position on this issue, we must grant defendant's motion to dismiss due to plaintiff's lack of capacity at the time this action was filed, and upon its subsequent reinstatement for failure to qualify under the applicable statute of limitations.