PADRE ISLAND THUNDERBIRD, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 245–78.  Filed June 4, 1979.

*Donald S. Carnow,* for the petitioner.
*Harmon B. Dow,* for the respondent.

OPINION

SIMPSON, *Judge:* This case is before us on the Commissioner's motion to dismiss for lack of jurisdiction on the ground that the petitioner lacks the capacity to litigate before this Court under Rule 60(c), Tax Court Rules of Practice and Procedure, and on the petitioner's cross-motion for judgment on the pleadings on the ground that the deficiency notice was not proper because it

was sent to a dissolved corporation. A hearing on both motions was held at Chicago, Ill., and written memorandums have been submitted by both parties.

Prior to November 16, 1973, the petitioner, Padre Island Thunderbird, Inc., was a corporation organized and operating under the laws of the State of Illinois. As such, the petitioner was required under Illinois law to pay franchise taxes. However, the petitioner did not comply with such requirement, and as a consequence, the attorney general of Illinois filed a complaint with the Circuit Court of Cook County, Ill., for an order dissolving the petitioner. On November 16, 1973, an order of dissolution with respect to the petitioner was entered in the case of *The People of the State of Illinois, ex rel., William J. Scott, Attorney General v. A-Anon Ambulance Service, Inc., et al.,* No. 73 CH 3100, 3998–167–0.

On September 30, 1977, the Commissioner mailed a statutory notice of deficiency to the petitioner in which he determined the following deficiencies in and additions to the petitioner's Federal income taxes:

| | | Addition to tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(a), I.R.C. 1954 | Sec. 6653(a), I.R.C. 1954 |
| 1966 | $22,824.17 | $5,706.04 | $1,141.21 |
| 1967 | 3,378.14 | 844.54 | 168.91 |
| 1968 | 1,063.19 | 265.80 | 53.16 |
| 1969 | 765.49 | 191.32 | 38.26 |
| 1970 | 689.37 | 172.34 | 34.47 |

On December 29, 1977, the petitioner mailed its petition contesting such deficiencies, and such petition was received at this Court and filed on January 6, 1978. On March 6, 1978, the Commissioner filed his answer in which he generally denied most of the allegations in the petition. On April 27, 1978, the Commissioner filed his motion to dismiss for lack of jurisdiction based on the petitioner's lack of capacity under Illinois law to maintain a law suit.

On or before May 19, 1978, a shareholder of the petitioner, the Estate of John S. Caputa, filed a complaint with the Circuit Court of Cook County, seeking an order vacating the order of

dissolution of the petitioner. On May 19, 1978, such court filed the following order:

| | |
|---|---|
| ESTATE OF JOHN S. CAPUTA,<br>Deceased. | No. 77 P 6461<br>Docket 831<br>Page 466 |

### ORDER

This matter coming on to be heard upon the Petition and Application for an order vacating the order of dissolution entered by the Circuit Court of Cook County on November 16, 1973, dissolving Padre Island Thunderbird, Inc., due and proper notice having heretofore been served, the Court advised in the premises that there is presently pending a certain action in the Tax Court of the United States entitled Padre Island Thunderbird, Inc. v. Commissioner of Internal Revenue, Docket No. 245–78, and that the Commissioner of Internal Revenue has filed a motion to dismiss for lack of jurisdiction and standing of Padre Island Thunderbird, Inc. to be a party thereto; and that the basis in law for said motion to dismiss is the alleged corporate dissolution of Padre Island Thunderbird, Inc. by order of this Court dated November 16, 1973; the Court hereby finds that the statutory provisions of the Illinois Business Corporation Act levying franchise taxes is for revenue raising purposes only, and not regulatory;

It Is Therefore Ordered, Adjudged and Decreed:

1. That the order of November 16, 1973 dissolving Padre Island Thunderbird, Inc. be, and is hereby vacated;

2. That Padre Island Thunderbird, Inc. be, and is hereby reinstated *nunc pro tunc*, retroactive to November 16, 1973;

3. That the fees and back franchise taxes be, and are hereby deferred until further order of Court;

4. That this Court retain continuing jurisdiction over the subject matter herein and the personage of Padre Island Thunderbird, Inc.

On June 15, 1978, the petitioner filed a "Cross-Motion for Judgment on the Pleadings," and the basis of such motion "is that no valid assessment exists against Padre, since by Illinois law a corporation is treated as existing for a period of only two (2) years after its dissolution."

The first issue we must decide is whether a deficiency notice which was issued to a corporation 4 years after such corporation was dissolved under Illinois law is valid.[1] The petitioner argues that such issue should be determined by State law, and that it

---

[1]For purposes of its motion, the petitioner apparently assumes that the order purporting to retroactively reinstate it is not effective, otherwise the deficiency notice would not have been issued to a dissolved corporation. For purposes of this motion only, we will make the same assumption.

was incumbent upon the Commissioner to issue such notice within 2 years of the dissolution because of Illinois Annotated Statutes, ch. 32, sec. 157.94 (Smith-Hurd 1976),[2] which provides:

Sec. 157.94 Survival of remedy after dissolution.

The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by the order of the court when the court has not liquidated the assets and business of the corporation, or (3) by expiration of its period of duration, shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.

There is no merit in the petitioner's argument.

The period within which a deficiency notice can be issued and the period within which a tax can be assessed and collected are matters of Federal tax law and are expressly covered by the Internal Revenue Code. See, e.g., secs. 6211–6216, 6501–6504, I.R.C. 1954; *Harold Patz Trust v. Commissioner*, 69 T.C. 497, 499 (1977); *Great Falls Bonding Agency, Inc. v. Commissioner*, 63 T.C. 304, 306 (1974). Specifically, in connection with the issuance of a notice of deficiency in income taxes, section 6212(a) and (b)(1), I.R.C. 1954, provided:

(a) In General.—If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A * * * , he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) Address for Notice of Deficiency.—

(1) Income * * * taxes * * * .—In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, * * * if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A * * * and this chapter even if such taxpayer is deceased, or is under a legal disability, *or, in the case of a corporation, has terminated its existence.* [Emphasis supplied.]

Under such provision, it is clear that the Commissioner is authorized to send a notice of deficiency to a dissolved corporation at its last known address where the Commissioner has not received a notice of the existence of a fiduciary relationship, and this Court has frequently upheld the validity of a deficiency

---

[2]Unless otherwise indicated, all statutory references are to the Illinois Annotated Statutes (Smith-Hurd).

notice issued to a dissolved corporation under such circumstances. See, e.g., *Brannon's of Shawnee, Inc. v. Commissioner*, 69 T.C. 999, 1003 (1978); *Harold Patz Trust v. Commissioner, supra*, and the cases cited therein; *Condo v. Commissioner*, 69 T.C. 149 (1977); *Great Falls Bonding Agency, Inc. v. Commissioner, supra*. Here, there is absolutely no evidence that the petitioner filed with the Commissioner a notice of fiduciary relationship, and therefore, clearly, the issuance of the deficiency notice to the petitioner was proper notwithstanding that it was issued 4 years after the dissolution of the petitioner.

The next issue for decision is whether the petitioner has capacity to litigate in this Court. Under Rule 60(c), Tax Court Rules of Practice and Procedure, the capacity of a corporation to engage in litigation before this Court "shall be determined by the law under which it was organized." *Brannon's of Shawnee, Inc. v. Commissioner*, 71 T.C. 108, 111 (1978). Because the petitioner was organized in Illinois, we must look to Illinois law to determine whether the petitioner has capacity to litigate in this Court.

Under Illinois law, a franchise tax is imposed on all corporations organized in Illinois, and the secretary of state is authorized to collect such tax. See ch. 32, sec. 157.126 et seq. (1967). If the franchise tax is not paid, the attorney general of Illinois is authorized to file a complaint seeking an order from the Circuit Court of Illinois dissolving the corporation. Ch. 32, sec. 157.82.[3] In addition, chapter 32, section 157.142 (1974) provides in part: "No corporation required to pay a franchise tax, license fee or penalty under this Act shall maintain any civil action until all such franchise taxes, license fees and penalties have been paid in full." In interpreting such provision, we are bound by the decisions of the Supreme Court of Illinois. However, since that court has not interpreted such provision, we must apply what we "find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State." *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967).

In *Kaybill Corp., Inc. v. Cherne,* 24 Ill. App. 3d 309, 320 N.E.2d

---

[3]Effective July 1, 1974, ch. 32, sec. 157.143 was amended and ch. 32, sec. 157.82a was enacted to give the secretary of state of Illinois authority to dissolve a corporation administratively for failure to pay franchise taxes. Sec. 157.82a also provides a procedure for the secretary of state of Illinois to reinstate corporations dissolved by him provided certain specified conditions have been met, including the payment of all franchise taxes due.

598 (1974), the court held that payment of delinquent franchise taxes after commencement of a cause of action but prior to the expiration of the statute of limitations was sufficient to continue prosecution of the suit. During the course of its opinion, the court, citing *Sternberg Dredging Co. v. Estate of Sternberg*, 351 Ill. App. 2d 514, 115 N.E.2d 557 (1953), and *Sheffield S. & I. Co. v. The Jos. J. & B. Co.*, 238 Ill. App. 45 (1925), acknowledged that payment of delinquent franchise taxes was a condition precedent to the maintenance of the suit.

In *Jorgensen v. Baker*, 21 Ill. App. 2d 196, 157 N.E.2d 773 (1959), the plaintiff corporation was delinquent in the payment of its franchise taxes when it otherwise timely commenced the law suit, but the statute of limitations expired before the corporation paid such taxes. Under these circumstances, the court held that the expiration of the statute of limitations between the time a corporation which is delinquent in its franchise taxes commences a cause of action and pays such delinquent taxes was fatal to the cause of action. During the course of its opinion, it stated that the failure to pay the franchise tax precludes a corporation from either instituting or maintaining a civil action. See *Shore Management Corp. v. Erickson*, 314 Ill. App. 571, 41 N.E.2d 972 (1942).

In *United States, Triangle Land. Corp. v. Homes Ins. Co.*, 403 F. Supp. 320 (N.D. Ill. 1975), the district court held that where a dissolved Illinois corporation which was delinquent in its franchise taxes commenced a suit in the district court, and where the statute of limitations expired prior to the payment of the delinquent taxes, the cause of action must be dismissed because of the corporation's lack of capacity under section 157.142. The district court expressly acknowledged that the capacity of the plaintiff to bring suit was governed by Illinois law (see rule 17(b), Federal Rules of Civil Procedure), and that payment of the taxes was a necessary condition under section 157.142. See generally *Condo v. Commissioner, supra; Cirino v. Hess Oil Virgin Islands Corp.*, 384 F. Supp. 621 (D. V.I. 1973).

In *Rush Street Rugby Shop, Ltd. v. Maryland Casualty Co.*, 409 F.2d 540 (1969), the Court of Appeals for the Seventh Circuit held that payment of the Illinois franchise tax by an Illinois corporation after commencement of an action in a Federal district court and after the expiration of a contractual period of limitations was sufficient for the corporation to be "restored to

good standing as provided by section 157.142" where the corporation had not been dissolved. (409 F.2d at 541.) The court implicitly acknowledged that the capacity of an Illinois corporation to litigate in a Federal court is governed by Illinois law, and the court expressly acknowledged that payment of the franchise tax was necessary to maintain the suit.

Finally, in *Amman Food & Liquor, Inc. v. Heritage Insurance Co.*, 65 Ill. App. 3d 140, 382 N.E.2d 562 (1978), the plaintiff corporation was dissolved on December 1, 1975, for failing to pay its franchise taxes. On January 16, 1976, plaintiff filed a cause of action against the defendant. On February 23, 1976, the statute of limitations for commencing the cause of action expired. On May 27, 1976, the plaintiff paid its franchise taxes and was reinstated, and on June 9, 1976, the defendant filed a motion to dismiss based on the plaintiff's lack of capacity. In holding that the payment of the franchise taxes retroactively gave the plaintiff capacity to maintain the suit as of the time the complaint was filed, notwithstanding the expiration of the statute of limitations in the interim, the court recognized that nonpayment of such taxes would preclude the entry of a judgment in favor of the delinquent corporation.

Such cases deal with a variety of situations involving section 157.142. Their conclusions on one issue are not reconcilable; that is, the cases split over whether the expiration of the statute of limitations prior to payment of the franchise tax but after the commencement of the proceeding is fatal. Because the petitioner never paid the taxes here, we need not and do not express any view on that issue. However, these cases uniformly recognize that *payment* of the taxes is necessary to maintain the suit where there is a motion to have the proceeding dismissed on that basis and that such requirement is applicable in Federal as well as State litigation. In our view, such cases are clearly correct. The statutory provision requiring the payment of franchise taxes prior to maintaining a suit reflects a matter of public policy of the State of Illinois. *Elsberry Equipment Co. v. Short*, 63 Ill. App. 2d 336, 211 N.E.2d 463 (1965). To assure collection of the corporate franchise taxes, the requirement is made applicable to all Illinois corporations, whether still operating or dissolved, and it supersedes other statutory provisions expressly providing remedies for corporations, whether operating or dissolved. See, e.g., *Jorgensen v. Baker, supra; United States,*

*Triangle Land. Corp. v. Homes Ins. Co., supra.* The commitment
to such requirement was effectively reaffirmed in 1974 with the
enactment of the provision allowing for the administrative
dissolution of corporations which were delinquent in their
franchise taxes and the subsequent administrative reinstate-
ment of such dissolved corporation *upon payment of the taxes.*
Ch. 32, secs. 157.143, 157.82a. Section 157.142 clearly and
unambiguously requires the payment of franchise taxes to
maintain this proceeding, and it is not reasonably susceptible to
a different interpretation.

The petitioner contends that the order of the circuit court
which purports to vacate the order of dissolution and defer
payment of the franchise taxes somehow allows it to litigate in
this Court. We disagree. In our opinion, the order is ineffective
to confer on the petitioner the capacity to litigate in this Court.
Section 157.142 clearly and unequivocally requires the petitioner
to pay its franchise taxes as a condition precedent to the
continued prosecution of this action; the petitioner has cited us
to no authority, nor have we found any authority, authorizing a
court to waive such provision in its discretion. In fact, all of the
cases interpreting section 157.142 either expressly or implicitly
recognize that both State and Federal courts are bound by it and
that payment of the franchise taxes is the only way the
statutory disability is removed. Though it may be true that the
provisions imposing the franchise taxes are for revenue-raising
purposes, section 157.142 is unquestionably a regulatory sanction
designed to coerce recalcitrant corporations to pay their fran-
chise taxes. Permitting corporations to maintain actions despite
their failure to pay such taxes solely because there is an action
pending in this Court and "the Commissioner of Internal
Revenue has filed a motion to dismiss for lack of jurisdiction and
standing of Padre Island Thunderbird, Inc., to be a party
thereto" would frustrate the clear and unequivocal public policy
of the State of Illinois and would render the sanction of section
157.142 ineffective. There is no authority for us to reach such a
result, and we refuse to do so.

Moreover, there are procedural objections to the order of the
circuit court. First, it is questionable whether the circuit court
had jurisdiction in a proceeding limited to the *"Estate of John S.
Caputa"* to enter an order affecting a corporation which had
been dissolved 5 years earlier in a completely different proceed-

ing in the case of *"The People of the State of Illinois, ex rel., William J. Scott, Attorney General v. A-Anon Ambulance Service, Inc., et al."* Under chapter 110, section 72 (1968), an express requirement for relief from an order is that the petition for such relief be filed in the same proceeding in which the order was entered. Second, it is not at all clear that the attorney general of Illinois, a party to the proceeding in which the petitioner was dissolved, was properly notified or served in connection with the motion to vacate the order of dissolution. In a motion filed by the attorney general to vacate the May 19, 1978, order of the Circuit Court of Cook County, it is alleged that the attorney general "was never served nor apprised of this matter nor consented to its entry." Third, under Illinois law, it is not at all clear whether the timely commencement of a cause of action is sufficient to toll the statute of limitations where the order reinstating the corporation was entered after the statutory period had passed. Here, the petition was filed within the statutory period, but the order reinstating the petitioner was entered after the 90-day period had passed.

In summary, we hold that the deficiency notice was properly issued to the petitioner. Despite our inherent respect for the courts of Illinois, we must hold that the order of the circuit court of May 19, 1978, is ineffective in these proceedings. Finally, although we hesitate to reach a conclusion that deprives any person of his day in court, we must also hold that the petitioner lacks capacity to litigate in this Court. Though the petitioner cannot contest the merits of the deficiency in this Court, it does appear that if the Commissioner attempts to collect the deficiency in Federal income tax from the transferees of the assets of the corporation, they will then have an opportunity to have a judicial review of the merits of the deficiency.

*An appropriate order will be entered.*