IRA MEYERS and PATRICIA MEYERS, Plaintiffs

v.

MANNER CORP., et al., Defendants

and

MANNER CORPORATION d/b/a WEST INDIAN MANNER GUEST HOUSE, Third-Party Plaintiff

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Third-Party Defendant

Civil No. 1979-71

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 26, 1980

PALLME, ANDUZE, MITCHELL & DOW, ESQS., St. Thomas, V.I., *for plaintiffs*

BRITAIN H. BRYANT, ESQ., Christiansted, St. Croix, V.I., *for third-party defendant*

R. ERIC MOORE, ESQ., Christiansted, St. Croix, V.I., *for defendant Berne*

DON C. MILLS, ESQ., St. Thomas, V.I., *for defendant Manner*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Presently before the Court is third-party defendant's motion for summary judgment, or in the alternative for judgment on the pleadings. Fed. R. Civ. P. 56, 12(c). The motion will be denied in both respects. Nonetheless, the action against the third-party defendant will be dismissed because the third-party plaintiff lacks capacity to sue. See Fed. R. Civ. P. 17(b).

Plaintiffs brought this tort action against Manner Corporation for damages allegedly caused by dog bites suffered by Ira Meyers while standing on or near defendant's property. Manner Corporation impleaded its insurance carrier asserting that if it were liable to plaintiffs the insurance company was liable to it. Relying on 13 V.I.C. § 533(a), National Union Fire Insurance Company (hereinafter National Union) asserted that Manner Corporation lacked capacity to sue for failure to pay its franchise taxes for the years 1977–1979. Manner Corporation countered this argument by contending: (1)

that the action sounds in tort thereby making 13 V.I.C. § 533(a) inapplicable, Cirino v. Hess Oil Virgin Islands Corp., 9 V.I. 518, 384 F.Supp. 621 (D.V.I. 1973), and (2) that National Union transacted business with Manner Corporation and therefore cannot raise the lack of capacity defense. See Defective Organization as a Defense Act 13 V.I.C. § 346(a).

■ Under the laws of the Virgin Islands, a plaintiff corporation's failure to pay its franchise taxes will result in dismissal of the case unless the cause of action sounds in tort, the corporation pays its back taxes, or the corporation is winding up its affairs after dissolution. Town View, Inc. v. Young, 15 V.I. 266 (Terr. Ct. 1978); see Cirino v. Hess Oil Virgin Islands Corp., 9 V.I. at 518; Keith Enterprises, Inc. v. Centurion Corp., 10 V.I. 206 (D.V.I. 1973).

■ Manner Corporation's first assertion, that its third-party action sounds in tort, is ill founded. Although plaintiffs are suing Manner Corporation for alleged tortious conduct, Manner Corporation is suing National Union on a contractual theory. The Court has carefully examined the third-party complaint and finds that it provides no basis for tortious liability. Moreover, there are no facts before the Court to show that Manner Corporation paid its back taxes or was dissolved. Therefore, unless 13 V.I.C. § 346(a) estops National Union from raising the capacity defense, this action must be dismissed.

■■ Section 346(a) provides in part that a person who transacts business with a corporation cannot rely upon want of legal organization as a defense. Thus, Manner Corporation's argument is that its insurance carrier should not be allowed to raise the lack of capacity defense. The history of § 346 does not support this contention. Section 346 was inserted in the Code to prevent corporations from asserting that they were not legally formed in order to avoid the consequences of their actions. Id. The issue before the Court is not whether the third-party plaintiff is a de jure or a de facto corporation but rather whether Manner Corporation can avoid the statutory penalty for failure to pay its franchise taxes. If the Court allowed Manner Corporation to do so, § 533(a) would be rendered meaningless. Therefore, pursuant to the provisions of § 533(a), this action will be dismissed.

■ Finally, the Court notes that National Union seeks judgment rather than dismissal. Considering the policy behind § 533(a) judgment is not warranted. Essentially, § 533(a) is a revenue-raising

statute. Manner Corporation would have no incentive to pay its back taxes if it could not come back into Court. Therefore this case is dismissed without prejudice.

### ORDER

The premises considered and the Court being advised

IT IS ORDERED that Manner Corporation's third-party action against National Union Fire Insurance Company of Pittsburgh, Pa., be, and the same is hereby, DISMISSED without prejudice.