**ST. CROIX DRIVE-IN THEATRE, INC., Plaintiff**

**v.**

**GLO-MAR INTERNATIONAL, INC., PATRICIA E. GLOVER and EDWARD MARTINA, Defendants**

Civil No. 910/79

Territorial Court of the Virgin Islands

Div. of Christiansted at St. Croix

January 27, 1981

ELLEN DONOVAN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

CHARLOTTE L. POOLE DAVIS, ESQ., St. Thomas, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This case came before the Court on motion to vacate and set aside judgment and for a stay of execution of judgment. The motions will be denied.

Plaintiff and defendants entered into a written lease agreement on December 20, 1978 for the rental of Plot No. 18 Estate Plessen, St. Croix, for use as a drive-in theatre and laundry. Defendants defaulted on their rent from March to June, 1979, at the rate of $1,500/month. Additionally, they failed to make agreed improvements and to obtain and maintain insurance on the property.' Defendants also wrongfully obtained utilities on the plaintiff's credit.

As a result, an action for breach of contract and debt was filed on November 21, 1979. On April 14, 1980, an Order for Stipulation of Judgment was entered. It contained a dismissal without prejudice against defendants Patricia Glover and Glo-Mar International, Inc. and a provision for entry of judgment against Edward Martina in the amount of $11,636.88. Confession of judgment signed by the defendant Martina was attached as Exhibit "A".

Payment was not made in accordance with the terms of the abovementioned confession of judgment. Subsequently, a petition for Examination of the Judgment Debtor was filed and pursuant to an Order by this Court for such examination, a stipulation for installment payment was executed and filed. Payment was not forthcoming and a Writ of Execution was issued on September 23, 1980.

Defendant Martina now moves to set aside the judgment and for stay of execution pursuant to Rules 60(b) and 62(b) Fed. R. Civ. P.

It is alleged that:

1) the plaintiff misrepresented the financial status of the leased business to the defendants;

2) that the St. Croix Drive-In Theatre was a dissolved corporation at the time of the lease and the suit; and

3) that the former defense counsel acted against the defendant's best interest and assisted the plaintiff in obtaining judgment against the defendant.

 The allegation that the plaintiff fraudulently misrepresented the financial status of the business to the defendants is not a proper ground upon which a judgment may be vacated. The term "fraud" used in Rule 60(b)(3) Fed. Civ. P. is that fraud which prevents a party from having an opportunity to present his claim or

defense in court or deprives a party of his right to a day in court. Green v. Ancora—Citronelle Corp., 577 F.2d 1380, 1384 (9th Cir. 1978). The fraud alleged here goes to the merits of a claim, and while it *may* be the basis for an action in tort, it is not a proper ground to support the grant of a motion to set aside judgment.

■ Paragraphs 5 and 6 of defendant's supporting affidavit[1] deal with the corporation's non-disclosure of its dissolved status. This Court is bound by the holding of the District Court in Keith Enterprises, Inc. v. The Centurion Corporation, 10 V.I. 206 (D.V.I. 1973) a case dealing with a similar fact situation. That case involved an action on a debt. The defendants moved to dismiss the cause of action or stay the proceedings based on 13 V.I.C. § 533 (a) which reads in part "No corporation may commence or maintain any action in any court if it has not paid the annual franchise tax." Id. Judge Young held:

> [I]n all actions commenced or maintained by a corporation which "has not paid its annual franchise tax last due," the corporation shall be allowed a reasonable time within which to become reinstated as a corporation in good standing before dismissal under Section 533(a) will be ordered, However, this general rule will not be proper, if the statute of limitations shall have expired by the time that the corporation shall be reinstated as a corporation in good standing.

10 V.I.C. 206, at 208–209. Accordingly, since the statute of limitations has not run,[2] the plaintiff would ordinarily be given a reasonable time within which to become reinstated as a corporation. However, 13 V.I.C. § 533(a) constitutes an affirmative defense, which if not pleaded is waived. Rule 12 Fed. R. Civ. P. This matter may not be brought up now for the first time.[3]

---

[1] The motion, affidavit, and memorandum of law are styled "St. Croix Drive-In Theatre, Inc., *Plaintiff* v. Glo-Mar International Inc., Patricia Glover and Edward Martina, *Defendants*" (emphasis added). Paragraphs 4, 5, and 6 of the Affidavit then go on to mislabel the parties. I suspect this is, in reality, a case of careless drafting. Indeed, Counsel for the Defendant has signed the Memorandum of Law as Counsel for the Plaintiff. Whatever the reason, this Court has neither the time nor inclination to decipher cryptic writings such as those presented here, and serves notice on the Bar that such practices will not be disregarded in the future.

[2] This action is governed by 5 V.I.C. § 31(3) setting limitations at 6 years.

[3] Although the issue was not raised directly, the Court feels compelled to speak to the effect of a lease entered into by a dissolved corporation. The general rule is that a dissolved corporation may not make contracts and carry forward a business. It would appear from the weight of authority that where there is no statute to the contrary, a payment of taxes and reinstatement of the corporation would relate

Paragraph 7 of the supporting affidavit alleges that the defendant's former attorney of record failed to ascertain the actual status of the plaintiff corporation, acted against the defendant's best interest, ill-advised the defendant and assisted the plaintiff in obtaining a judgment against the defendant.

 The standard used in determining fraud under Rule 60 motions is that fraud will not be presumed but must be proven by "clear and convincing evidence." This was enunciated by the Eighth Circuit in Assmann v. Fleming, 159 F.2d 332, 336 (8th Cir. 1947), even prior to the 1948 adoption of Rule 60(B)(3) and has been consistently adhered to. See 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2860 at p. 188–89 (1973).

 Relief under Rule 60(b)(3) is discretionary with the court. Estate of Murdoch v. Commonwealth of Pennsylvania, 432 F.2d 867, 870 (3d Cir. 1970). In Bizzell v. Hemingway, 548 F.2d 505 (4th Cir. 1977) a claim of fraud based on collusion of an attorney similar to that advanced here, was made. Although relief from judgment was granted in that case, the facts are substantially different from those asserted in the instant case. There the same attorney represented two clients with clearly adverse interests. An actual scheme was shown whereby one party was defrauded and deprived of his day in court. Here, however, only broad allegations unsubstantiated by fact, have been presented. There is no evidence, beyond the Defendant's sworn statements (which constitute conclusions rather than assertions of fact), to show either a plan or design to act collusively, any benefit to former counsel derived from this supposed fraud, or any intent to defraud the defendant and deprive him of asserting his defenses. "A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself (citations omitted) and must be supported by clear, unequivocal and convincing evidence." Pfizer, Inc. v. International Rectifier Corp., 538 F.2d 180, 195 (8th Cir. 1976), cert. denied 429 U.S. 1040 (1977).

The Court has considered the Memorandum of Law submitted by counsel for defendant. Although it contains grammatical errors serious enough to render portions of the memorandum almost incomprehensible, a more grievous problem exists in that cases

back to the original date of dissolution, thereby validating all acts occurring in the interim. See J. B. Wolfe, Inc. v. Salkina, 70 A.2d 72 (N.J. 1947) (Cases cited therein at p. 76), accord, Frederic G. Krapf & Son, Inc. v. Gorson, 243 A.2d 713, 715 (Del. 1968). Again, however, this also is an affirmative defense which was not raised at the proper time in this case, and is therefore waived. Rule 12, F.R.C.P.

cited are either of no assistance to the Court, inapplicable, or simply incorrectly cited for the asserted proposition.

Root Refining Co. v. Universal Oil Products, Co., 169 F.2d 514 (3d Cir. 1948) is an extremely lengthy opinion cited for a general proposition. The Court is given no guidance, in the form of a signal in the citation of the case, as to which portion of the opinion counsel is referring. McKinney v. Boyle, 404 F.2d 632 (9th Cir. 1968) is cited for two propositions. It stands only tangentially for the first. As to the second, it is cited as direct authority for the rule that "deception of the client by the lawyer might conceivably have been treated as fraud of one not an adverse party and thereby taken out of the realm of inadvertence, mistake or excusable neglect." Aside from the fact that the Court clearly held that the facts did indeed bring the client "out of the realm of inadvertence, mistake or excusable neglect", the case deals only with procedural questions not relevant here, and not with the merits of a fraudulent claim. It is sadly apparent that the cases were simply cited by headnotes, without benefit of research or reading. This can be no more evident than in the citation of Hadden v. Ramsey Products, 196 F.2d 92 (2d Cir. 1952). Counsel asserts "Case held that fialure (sic) of Plaintiff's attorney to inform the Court that defendants had asserted defenses to the notes constituted fraud upon the Court." Despite the fact that it is unclear how it applies to the case at bar, due to the brevity of this pronouncement, it is a total misstatement of the Court's holding. Chief Judge Swan actually wrote:

> The validity of such warrants of attorney is recognized both by statute and decision in Ohio. *To do precisely what the warrants of attorney authorized cannot be fraud upon the court.* Id. at 96. (Emphasis added.)

■ In the future, instances of a similar nature will *not* be condoned and this Court will impose such sanctions as are deemed appropriate.

For the foregoing reasons, both motions will be denied.