**MAISON LA CREPE, INC., Plaintiff**

v.

**HILBRESS ASSOCIATES, LTD., Defendant**

Civil No. 1032/1982

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

December 14, 1983

FRANK FORD, III, ESQ. (FORD AND WYNTER), Frederiksted, St. Croix, V.I., *for plaintiff*

WARNER ALEXANDER, ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

### INTRODUCTION

This action for damages is before the Court on defendant's Motion to Dismiss the Complaint for plaintiff's failure to comply with 13 V.I.C. § 533, which requires a corporation to pay its last due annual franchise taxes as a condition precedent to commencing or maintaining actions.

### FACTS AND DISCUSSIONS

Plaintiff, a Virgin Islands corporation doing business in St. Croix, secured a lease from defendant for premises located in the Caravelle Arcade in Christiansted. In plaintiff's complaint it is alleged that defendant tortiously interfered with the lease agreement and breached an implied covenant of quiet enjoyment by removing a service bar installed for the benefit of plaintiff. Plaintiff prays for compensatory damages, punitive damages, costs and attorney's fees. Defendant filed Motions to Dismiss plaintiff's complaint, to stay the proceedings, or to dismiss the claim for punitive damages.

No corporation may commence or maintain any action in any Court of the Virgin Islands if it has not paid its annual franchise tax last due. 13 V.I.C. § 533(a). However, in almost all actions commenced or maintained by a corporation which has not paid its annual franchise tax last due, the corporation should be allowed a reasonable time within which to become reinstated as a corporation in good standing before dismissal under § 533(a) will be ordered. Keith Enterprises, Inc. v. The Centurion Corporation, et al., 10 V.I. 206, 208–209 (D.C.V.I. 1973). Defendant has acknowledged in his Memorandum of Law attached to the Motion to Dismiss this court's authority to stay the proceedings in order to allow plaintiff to

comply with § 553. Defendant asserts, however, that a stay of proceedings would be inappropriate due to plaintiff's long and uninterrupted failure to comply with Virgin Islands corporate law.[1] Though defendant's assertion is not without merit, this Court in the exercise of its discretion will nevertheless allow plaintiff this final opportunity to comply with § 553 so that this case may proceed on the merits.

 This Court will also address plaintiff's prayer for punitive damages. A suit alleging a breach of lease covenants is in the nature of a suit for breach of contract and damages. Punitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable. Restatement (Second) of Contracts § 355 (1981). Although plaintiff couched the Complaint in language asserting a tortious interference, the pleadings as a whole fall far short of raising issues of tortious conduct on the part of defendant. Accordingly, that part of plaintiff's complaint which prays for punitive damages will be dismissed.

## ORDER

This matter having come before the Court on defendant's Motions to Dismiss the Complaint for plaintiff's failure to comply with 13 V.I.C. § 533 or, in the alternative, to stay proceedings, and the Court being fully advised in the premises, it is hereby

ORDERED that these proceedings be stayed for sixty (60) days to allow plaintiff to obtain reinstatement to good standing by payment of franchise taxes due and owing in compliance with 13 V.I.C. § 533, and it is further

ORDERED that that part of the Complaint which prays for punitive damages be and the same hereby is DISMISSED.

---

[1] Some five (5) months prior to the drafting of this Opinion, plaintiff's attorney was requested to respond to defendant's Motion to Dismiss.