**STANDEX COMPANY, Plaintiff**

**v.**

**JOSEPHAT JOHN and MARIE JOHN,**
**d/b/a CENTERLINE BAKERY AND DELI, Defendants**

Civil No. 104/91

Territorial Court of the Virgin Islands

Div. of St. Croix

September 2, 1992

MILES L. PLASKETT, ESQ. (NICHOLS, NEWMAN & SILVERLIGHT), Christiansted, St. Croix, V.I., *for plaintiff*

DOUGLAS L. CAPDEVILLE, ESQ., Christiansted, St. Croix, V.I., *for defendants*

ELTMAN, *Judge*

## MEMORANDUM OPINION

This is an action for debt brought by Standex Company ("Standex"), a foreign corporation. The defendants, Josephat John and Marie John, d/b/a Centerline Bakery and Deli ("Centerline"),

157

move to dismiss, contending that the plaintiff has no standing to maintain this lawsuit because it has neither registered to do business in the territory nor paid a franchise tax here. Parsing the applicable statutes, the Court is led to a conclusion which is counterintuitive but unavoidable. According to the statutory scheme, a foreign corporation doing business in the Virgin Islands which registers as required with the Lieutenant Governor must pay a franchise tax. If it fails to do so, it is barred from maintaining an action in a Virgin Islands court. Conversely, a foreign corporation doing business here which *fails* to register with the Lieutenant Governor is not subject to paying a franchise tax and therefore is not barred from access to the courts of the Territory. Because Standex belongs to the second category, the motion to dismiss must be denied.

### Facts

Standex is a New York corporation doing business in the Virgin Islands. It sold and delivered various bakery ingredients and materials to the defendants, who have refused to pay, contending that Standex breached certain terms of the agreement between the parties with respect to how the goods were to be shipped. The defendants have moved to dismiss the complaint on the grounds that Standex does not have capacity to maintain this action because it has not registered to do business here and has not paid a franchise tax. The defendants conclude, therefore, that Standex is barred as a matter of law from prosecuting its claim. In its opposition to the motion, Standex does not dispute that it has neither registered nor paid franchise taxes, but it contends that it is a kind of mail order company which is statutorily exempt from such requirements. As Centerline demonstrates by reference to deposition testimony, the exemption argument is without merit. Nevertheless, although Standex has not identified the real problem with Centerline's motion, the Court cannot ignore the relevant statutes, which do not authorize the dismissal which Centerline seeks.

### Discussion

The applicable sections are cited here in their pertinent parts. Tit. 13 V.I.C. § 531(a) provides:

> Every corporation incorporated under the laws of the Virgin Islands and every foreign corporation *qualified* to do business

in the Virgin Islands shall . . . pay to the Lieutenant Governor . . . a franchise tax . . . . (emphasis supplied.)

The term "qualified" as used in § 531(a) is not specifically defined, but it obviously derives from 13 V.I.C. § 401(a), which is entitled "Qualification to Do Business in the Virgin Islands", and which provides:

No corporation created by the laws of any foreign country or any state of the United States, or the laws of the United States, shall do any business in the Virgin Islands through or by branch offices, agents or representatives located in the Virgin Islands until it shall have filed in the office of the Lieutenant Governor a certified copy of its charter or certificate of incorporation, a certificate signed by its president or vice president and under its corporate seal, attested by its secretary or assistant secretary, stating the name of its authorized agent in the Virgin Islands upon whom service of legal process against it may be made, and a sworn statement of the assets, liabilities and capital stock (both authorized and paid up) of the corporation at the close of its last fiscal year. For filing said documents the Lieutenant Governor shall charge the fees prescribed in section 431(a)(8) of this title.

The descriptive heading of a section of the Virgin Islands Code does not constitute part of the law, 1 V.I.C. § 45, and the text of § 401(a) does not use the term "qualified" or "qualification." Nevertheless, in the absence of any other definition or guide to interpretation, the word "qualified" as it is used in § 531(a) can only be understood by reference back to § 401(a). In other words, a foreign corporation qualifies to do business in this territory when it fulfills the various filing requirements of § 401(a).

By its terms, § 531(a) only requires a foreign corporation to pay a franchise tax if it is qualified to do business in the Virgin Islands. Thus, if a foreign corporation does the things required of it under § 401(a), it is (1) qualified to do business in the Virgin Islands and (2) required by § 531(a) to pay a franchise tax. Conversely, if a foreign corporation does *not* do the things required of it under § 401(a), it is (1) not qualified to do business in the Virgin Islands, and (2) not required to pay a franchise tax.

Tit. 13 V.I.C. § 533(a) provides:

No corporation may commence or maintain any action in any court if it has not paid its annual franchise tax last due.

159

A qualified corporation which has not paid a franchise tax is barred from pursuing a lawsuit in a Virgin Islands court. A corporation which is not qualified to do business here ironically is not affected by § 533(a), because it does not have franchise tax liability.

The law does provide a penalty for the recalcitrant corporation which does not register with the Lieutenant Governor as required by § 401(a). Tit. 13 V.I.C. § 406 states:

> Any foreign corporation engaged in, prosecuting, or transacting any business of any kind within the Virgin Islands without first having complied with sections 401–405 of this title shall be fined not more than $500 for each such offense. Any agent of any foreign corporation that shall transact any business with the Virgin Islands for any foreign corporation before the foreign corporation has complied with all of said sections, shall be fined not more than $500 for each such offense.

Assuming, without deciding, that an "offense" is the equivalent of a transaction, obvious practical inequities can result from the statutory scheme. For example, a foreign corporation may fail to qualify to do business here, engage in large transactions here, and yet still be subject to what would be, in context, a meaningless $500 fine per transaction, all the while not being subject to franchise taxes and not being barred from access to the courts. On the other hand, a foreign corporation may follow the qualification requirements of § 401 and, failing to pay a franchise tax, then be prevented from using the Virgin Islands courts.

In American Fidelity Fire Insurance Co. v. Construcciones Werl, Inc., 12 V.I. 325, 366 (D.C.V.I. 1975) the District Court denied a defendant's motion to dismiss on the grounds that the plaintiff, a Puerto Rico corporate surety, had failed to comply with 13 V.I.C. §§ 373,[1] 401, 531 and 533(a). But that opinion did not describe the impediments and inconsistencies which the Court identifies here. Instead, the decision turned solely on the question of whether the plaintiff foreign corporation was doing business in the Virgin Islands, i.e., whether activities within the territory constituted a substantial part of its ordinary or customary business. Therefore, American Fidelity is not controlling authority on the issue considered here. All of the other Virgin Islands cases which discuss capac-

---

[1] Sec. 373 requires a foreign corporation qualified to do business in the Virgin Islands to file an annual report with the Lieutenant Governor.

ity to sue involve qualified foreign corporations which had not paid franchise taxes.

In Cirino v. Hess Oil V.I. Corp., 9 V.I. 518 (D.C.V.I. 1973), while holding that § 533(a) does not apply to tort actions, Chief Judge Christian discussed case law and statutes from other jurisdictions pertaining to corporate capacity. A Michigan statute forbade access to the courts to corporations which failed to file annual reports. Gamalski Hardware, Inc. v. Baird, 299 N.W. 757 (Mich. 1941). A Missouri statute provided that a corporation which had not qualified to do business in the state was subject to a fine and could not maintain an action in a Missouri court. Johnson v. City of St. Louis, 172 F.37 (8th Cir. 1909). Contrary to the examples of Michigan and Missouri law, however, the Virgin Islands statute does not specifically deny access to the courts to a non-qualifying foreign corporation.

The Court resists the temptation to declare that what we have in this instance is mere legislative oversight and then to read into the statute what is not in its text. However, a statute denying a foreign corporation access to the courts for failing to register is classified as penal. Sutherland, Statutory Construction § 59.02. Because it works a deprivation and may touch the fringes of constitutionality, Cirino v. Hess Oil Corp., supra at 525, it should be narrowly construed.

The result here gives no great satisfaction, because the result appears analytically correct but essentially anomalous. Nonetheless, based upon the dictate of the relevant statutory provisions, the Court holds that a non-qualified foreign corporation may not be barred from maintaining an action in the Virgin Islands.

## ORDER

In accordance with the memorandum opinion of this date, it is hereby

ORDERED that the defendants' motion to dismiss is denied; and it is further

ORDERED that the trial of this action shall be held on November 24, 1992, at 9:00 a.m.