**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**LEGEND RESORTS, L.P., Defendant**

**v.**

**PARTICIPATION SERVICES CORPORATION, Intervention Applicant**

Civ. No. 612/96

Territorial Court of the Virgin Islands

Division of St. Croix

May 28, 1998

ERNEST BATENGA, ESQ., (Department of Justice) Christiansted, St. Croix, U.S.V.I., *for Plaintiff*

CURT OTTO, ESQ., Christiansted, St. Croix, U.S.V.I., *Co-Counsel for Participation Services, Corp.*

ANDREWS, *Judge*

### MEMORANDUM OPINION AND ORDER

#### INTRODUCTION

Participation Services Corporation (PSC), a foreign corporation, seeks to intervene in the instant lawsuit. Plaintiff, Government of the Virgin Islands, objects. It claims that PSC is not registered to do

business in the Virgin Islands, has not paid local franchise taxes, and thus, should be barred from maintaining any court action. PSC asserts that it is not doing business, nor qualified to do so, and therefore is not required to register or pay franchise taxes. The key issue raised by the parties' dispute is:

> Whether the maintenance of a lawsuit and the holding of a mortgage are activities sufficient to be deemed "doing business" pursuant to 13 V.I.C. § 401?

For the reasons mentioned below, this Court responds in the negative.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY

Plaintiff, Government of the Virgin Islands (the Government), owns real property in St. Croix known as Hotel on the Cay. Pursuant to an agreement, the Government leased Hotel on the Cay to defendant, Legend Resorts, L.P. (Legend), on or about May 6, 1992. Legend allegedly breached the agreement by, inter alia, going into arrears for the payment of rent. Consequently, the Government commenced the instant suit for debt and eviction against Legend on October 7, 1996. Legend failed to file an answer, and, on motion of the Government, default was entered against Legend on September 17, 1997.

On December 31, 1997, Participation Services Corporation (PSC) filed a motion to intervene in this matter. It claimed to be the holder of a note and mortgage on the leasehold interest between the parties, having previously loaned money to Legend. Legend's debt to PSC is now claimed to be three million five hundred thousand dollars ($3,500,000.00). Legend has also defaulted on its note to PSC. Consequently, PSC instituted legal action against Legend, on September 6, 1994, to foreclose on the leasehold interest. *See Participation Services Corporation v. Legend Resorts, L.P. et.al.*, Civil No. 727/94 (Terr. Ct. St. Croix). The Government was a party defendant in that suit. After lengthy litigation, the foreclosure was granted and confirmed in May, 1997.

PSC has not registered with the Lieutenant Governor's Office, nor paid any franchise taxes. In the instant suit, the Government opposed intervention by PSC. On March 9, 1998, this Court held a hearing on the motion, and the matter was taken under advisement.

13

*Merits of Intervention*

■ Although the Government objected to PSC's right to maintain this action, it has not challenged the merits of PSC's intervention. Here, PSC claims an interest related to the leasehold which is the subject of this action. If the Government prevails on the merits, the leasehold interest may be terminated. Thus, disposition in PSC's absence, may impair or impede its ability to protect its interest in the leasehold. As default has already been entered against Legend, PSC's interest is not adequately represented by the existing parties. Accordingly, PSC is entitled to intervene, as a matter of right. F.R.Civ.P. Rule 24(a).

*Failure to Pay Franchise Taxes*

■ The Government argues that PSC is precluded, pursuant to 13 V.I.C. § 533(a), from maintaining any action in the courts of this territory due to its failure to pay franchise taxes. PSC asserts that it is not required to pay franchise taxes since it does no business in the Virgin Islands. The applicable statute provides in pertinent part that:

> No corporation may commence or maintain any action in any court if it has not paid its annual franchise tax last due.

13 V.I.C. § 531(a). Of course, in order for this section to apply, franchise taxes must be due. Under Virgin Islands law, franchise taxes are due by every local or foreign corporation, "qualified to do", or "doing" business in the Virgin Islands. 13 V.I.C. § 531(a). Without much analysis, the government simply asserts that PSC is qualified to do business in the Virgin Islands and is therefore liable for payment of franchise taxes. The phrase, "qualified to do business ", is not defined in Section 531. Logic dictates however, that it refers to 13 V.I.C. § 40l(a), which is entitled "Qualification to Do Business in the Virgin Islands". *Standex Co. v. John*, 27 V.I. 157, 159 (Terr. Ct. Stx 1992). The statute, in pertinent part, provides that:

> No corporation created by the laws of any foreign country or any state of the United States, or the laws of the United

14

States, shall do any business in the Virgin Islands through or by branch offices, . . . located in the Virgin Islands until it shall have filed in the office of the Lieutenant Governor a certified copy of its charter or certificate of incorporation, a certificate signed by its president . . ., and a sworn statement of the assets, liabilities. . .

13 V.I.C. § 401(a). An analysis of this section reveals that the legislature must have intended that a foreign corporation would be "qualified to do business" only upon fulfillment of the filing requirements of Section 401(a). *Standex*, 27 V.I. at 159. Accordingly, PSC, having failed to file, is not "qualified to do business", and is not liable for payment of franchise taxes. *See Standex*, 27 V.I. at 160 (reaching identical conclusion under similar facts).

*Status of "Doing Business"*

The analysis does not end there, however, for foreign corporations who are "doing business" in the Virgin Islands are still liable for franchise taxes though they may not be "qualified to do business". 13 V.I.C. § 531(a). Further, the Government argues that Section 401 prohibits foreign corporations from doing any business until they have fulfilled statutory filing requirements, i.e., until they have registered. PSC having failed to register cannot, the argument goes, maintain any court action because that would be "doing business". The critical issue thus becomes, whether PSC is doing business in the Virgin Islands.

The phrase "doing business" is not statutorily defined. However, one Virgin Islands court has defined it as activities of a business which constitute a *substantial* part of its ordinary customary business. *American Fidelity Fire Insurance Company v. Construcciones Werl, Inc., et. al.*, 12 V.I. 325, 367 (D.C.V.I. 1975). No evidence has been presented to this Court of any ordinary customary business conducted by PSC in the Virgin Islands. The facts show only that PSC: 1) extended credit on one occasion to Legend some six years ago and now holds a note and mortgage; 2) maintained a court action from 1994 to 1997, to foreclose on the mortgage, i.e., *Participation Services Corporation v. Legend Resorts, L.P. et.al.*; and 3) filed a motion to intervene in this matter. The Government argues that these factors are sufficient to be deemed "doing business". No authority for this proposition has been

forthcoming. The three instances mentioned above certainly cannot be classified as a substantial part of ordinary business. Under the *American Fidelity* definition, this Court concludes that PSC is not doing business in the Virgin Islands.

■ Although "doing business" has not been statutorily defined, "not doing business" has. V.I. Code Ann. tit. 13, § 403, deems foreign corporations who engage in limited activity as not doing business in the Virgin Islands. Such corporations are exempt from the filing requirement of Section 401, if they are:

> 1) a mail order or similar business, merely receiving orders by mail . . . accepting orders outside the Virgin Islands and filling them with goods shipped into the Virgin Islands...;
>
> 2) [selling] by contract, consummated outside the Virgin Islands, . . . machinery, plants, or equipment, the construction, erection or installation of which within the Virgin Islands requires the supervision of technical engineers . . . not generally available . . . .

13 V.I.C. § 403(1) and (2). Further, as PSC pointed out, the Virgin Islands legislature has recently (i.e., 2/12/98) enacted legislation which details activities conducted by foreign limited liability companies that do not constitute "doing business". These activities include:

> (1) maintaining, defending, or settling an action or proceeding; . . .
>
> (7) creating or acquiring indebtedness, mortgages, or security interests in real or personal property; . . .
>
> (8) securing or collecting debts or enforcing mortgages or other security interests in property securing debts, and holding, protecting, and maintaining property so acquired;

13 V.I.C. § 2003(a)(1), (7), and (8). Using these statutes as guidance, it is an untenable position that merely filing and litigating an action in court, or holding a mortgage, constitutes "doing business". Clearly, the legislature intended to permit corporations to engage in some activities without having to register or pay franchise taxes.

16

This Court concludes that the activities engaged in by PSC fall within that category.

## CONCLUSION

For the foregoing reasons, this Court concludes that the maintenance of a lawsuit and the holding of a mortgage does not constitute "doing business" pursuant to 13 V.I.C. § 401.

## ORDER

For the reasons mentioned in this opinion, it is hereby

**ORDERED** that Participation Services Corporation's Motion to Intervene is **GRANTED**.