IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
January 11, 2021
ST-2015-CV-00407
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
**\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| GREENLEAF COMMONS, LLC, ) | **CASE NO. ST-2015-CV-00407** |
| ) | |
| Plaintiff, ) | **ACTION FOR DEBT, BREACH OF** |
| ) | **CONTRACT, DAMAGES,** |
| v. ) | **ENFORCEMENT OF LANDLORD'S** |
| ) | **LIEN** |
| ST. JOHN DAY SPA & SALON, LLC, ) | |
| and JOHN KELLY, ) | |
| ) | |
| Defendants. ) | |
| ST. JOHN DAY SPA & SALON, LLC, ) | |
| and JOHN KELLY, ) | |
| ) | |
| Defendants/Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| GREENLEAF COMMONS, LLC, ) | |
| ) | |
| Plaintiff/Counter-Defendant. ) | |

Cite as: 2021 VI Super 2U

## MEMORANDUM OPINION

### I.  INTRODUCTION

¶1   **THIS MATTER** comes before the Court on the following motions:

1.  Plaintiff's Motion For Summary Judgment ("First Motion"), which was filed on July 12, 2017;

2.  Plaintiff's Motion For Ruling On Unopposed Motion For Summary Judgment ("Second Motion"), which was filed on February 23, 2018;

3.  Defendants' Opposition To Plaintiff's Motion For Ruling On Allegedly Unopposed Motion For Summary Judgment ("Opposition"); which was filed on March 19, 2018;

4.  Defendant John Kelly's Motion For Mediation Order ("First Mediation Motion"), which was filed October 5, 2018;

5. Plaintiff's Second Motion For Ruling On Unopposed Motion For Summary Judgment ("Third Motion"), which was filed on May 17, 2019;

6. Defendant John Kelly's Second Motion For Mediation Order ("Second Mediation Motion"), which was filed July 2, 2019;

7. Plaintiff's Third Request For Ruling On Unopposed Motion For Summary Judgment ("Fourth Motion"), which was filed on June 11, 2020; and

8. Affidavit of Wayne Greenleaf dated December 30, 2020.

¶2    This case presents a debt and breach of contract action by a landlord against its former tenant. Plaintiff/Counter-Defendant, Greenleaf Commons, LLC ("Greenleaf"), alleged that the Defendants/Counter-Plaintiffs St. John Day Spa & Salon, LLC ("Day Spa") and John Kelly ("Kelly") abandoned the premises Greenleaf leased to them and that they are liable for all rent accruing through the end of the lease, a total of $200,512.52 and that they breached their contract. John Kelly is a member of Day Spa and guaranteed certain obligations for the LLC. Greenleaf requests Defendants pay all unpaid rent, interest, other charges, damages incurred as by the breach and all pre and post-judgment interests. Defendants, for their part, respond that they were constructively evicted, that Greenleaf breached the covenant of quiet enjoyment, has unclean hands, is barred by estoppel, and it failed to take reasonable steps to mitigate damages and losses.

¶3    Day Spa utilized the premises leased from Greenleaf as a spa and salon. The premises shares a wall with a market. Day Spa alleges that Greenleaf indicated the market used its adjacent space for storage and that it would not interfere with their business or operations. Day Spa further alleges that the market was constantly moving and unloading cases of products in front of the spa, causing undue and unnecessary noise and commotion, interfering with customers' ability to enter or leave the spa, and that Greenleaf had promised to install noise-canceling material in the wall but never did. Greenleaf, for its part, alleges that it recommended Day Spa install better soundproofing and that it advised Day Spa that the market had not significantly changed their business in any way, that Day Spa had accepted the space as is, and that the previous tenet, also a spa, had operated with the same neighboring tenant without issue. Greenleaf has supported its assertions with affidavits and exhibits featuring email correspondence exchanged with Day Spa, the lease, bank statements, and other evidence. Day Spa has provided the Court with no information, exhibits, or affidavits in support of their allegations.

¶4    Greenleaf first filed its Motion for Summary Judgment on July 12, 2017. Since then, Hurricanes Irma and Maria, and ensuing litigation caused Day Spa and Kelly to move for extensions of time several times. Day Spa's counsel responded in its Opposition that Hurricanes Irma and Maria resulted in his office losing almost all its staff, internet service, telephone service, and left counsel significantly impaired in his ability to conduct legal research, locate witnesses and

conduct depositions.[1] On September 21, 2018, Defendants' counsel moved to withdraw because Kelly was not able to pay the increasing costs of litigation.

¶5    After counsel withdrew, Defendant Kelly proceeded to file two letters, the First Mediation Motion and Second Mediation Motion, with the Court.[2] Because Defendant John Kelly elected to proceed *pro se*, the Court will liberally construe his pleadings.[3] In both mediation motions, Kelly "respectfully request[s] that the court [sic] order mediation for both parties before ruling" on the summary judgment motions.[4] Given Kelly's request, the Court construes his letters as motions requesting the Court order mediation. Kelly expresses his desire to settle this matter and notes that he "no longer [has] the ability to depose witnesses as a result of the displacement of them due to hurricanes Irma and Maria[.]"[5]

¶6    Greenleaf's several motions requesting summary judgment incorporate the arguments of Greenleaf's First Motion, with the added statement appearing in the Third Motion that if "the Court is not inclined to grant such relief at this time, Plaintiff requests oral argument on the Motion for Summary Judgment."[6] Because the First through Fourth Motions state the same grounds as the initial filing, they will be incorporated and considered as one.

## II.    LEGAL STANDARD

¶7    Summary Judgment is governed by Rule 56 of the Virgin Islands Rules of Civil Procedure, which states:

> "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion."[7]

¶8    Further, Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer considering the motion, deny it, or "issue any other appropriate order."[8] Summary judgment is a "drastic remedy" and only appropriate where "the pleadings, the discovery and disclosure

---

[1] Opp., 1-2.

[2] These letters are not labeled as such, or labeled in any way, but the Court renames them as such for purposes of clarity.

[3] *See, Carrillo v. CitiMortgage, Inc.*, 63 V.I. 670, 679 (V.I. 2015) (quoting *Etienne v. Etienne*, 56 V.I. 686, 691 n.5 (V.I. 2012)); *Donovan v. Virgin Islands*, 2013 V.I. LEXIS 21, at *7 (V.I. Super. Ct. 2013).

[4] First Mediation Mot., 2; Second Mediation Mot., 2.

[5] Second Mediation Mot., 2.

[6] Third Mot., 1.

[7] V.I. CIV. P. 56(a).

[8] V.I. CIV. P. 56(d)(1)-(3).

materials on file . . . show that there is no genuine issue as to material fact[.]"[9] In addition, "[t]he non-moving party may not rest upon mere allegations but must present actual evidence showing a genuine issue for trial. Such evidence may be direct or circumstantial, but the mere possibility that something occurred in a particular way is not enough[.]"[10] Finally, "[i]f the non-movant offers evidence that is 'merely colorable' or not 'significantly probative,' summary judgment may be granted."[11]

¶9     While summary judgment may generally be a drastic remedy, Virgin Islands courts have recognized that debt actions may be especially well suited for summary judgment.[12] As to debt actions, this Court has previously stated in *Carlos Warehouse v. Thomas*[13] that "[t]o state a common law claim for debt under Virgin Islands law, the plaintiff must allege that the defendant owes a certain amount and that the defendant is or should be obligated to pay that amount. Damages are ordinarily not available."[14] As to a breach of contract claim, this Court has stated in *Mayhem Enters, LLC v. Powell*[15] that the plaintiff must demonstrate: "1.) the existence of an agreement; 2.) a duty created by that agreement; 3.) a breach of that duty; and 4.) damages caused by the breach."[16] Summary judgment for a breach of contract claim where monetary damages can be easily calculated is particularly appropriate.[17]

## III.     ANALYSIS

### A. No Material or Genuine Disputed Fact

¶10     In the instant case, Defendants Day Spa and Kelly allege that the hurricanes disrupted their ability to depose witnesses. Thus, they appear to be arguing that they cannot present facts essential to their opposition for this reason. However, in the over three years since the initial filing of the motion for summary judgment, including two months prior to the hurricanes, Day Spa and Kelly did not provide any evidence in support of the claims set forth in their counterclaims. Plaintiffs,

---

[9] *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 228 (V.I. 2013) (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)).

[10] *Id.* at 229 (quoting *Williams*, 50 V.I. at 194-95).

[11] *Pemberton Sales & Serv. v. Banco Popular de P.R.*, 877 F. Supp. 961, 965 (D.V.I. 1994).

[12] *See, Arrow-Pocono Lines, Inc. v. Lowell Land, LLC*, Civ. No. 2014-0006, __ V.I. __, 2016 U.S. Dist. LEXIS 60362, at *10 (D.V.I. May 6, 2016) (quoting *LPP Mortgage, Ltd. v. Ferris*, 2014 U.S. Dist. LEXIS 74599, at *13 (D.V.I. June 2, 2014)) ("'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'").

[13] 64 V.I. 173 (V.I. Super. Ct. 2016).

[14] *Id.* at 193.

[15] Case No. ST-10-CV-125, __ V.I. __, 2015 V.I. LEXIS 132, at *1 (V.I. Super. Ct. Oct. 30, 2015).

[16] *Id.* at *10-11 (citing *United Corp. v. Tutu Park, Ltd.*, 55 V.I. 702, 707 (V.I. 2011)).

[17] *See, id.* at *13 ("Mayhem's unopposed Motion for Summary Judgment provides sufficient evidence to demonstrate that Powell is liable for breach of contract and debt in the re-calculated amount of $380,163.53, of which $291,711.09 is principal and $88,452.44 accrued interest through October 29, 2015."); *cf. Gourmet Gallery Crown Bay v. Crown Bay Marina, L.P.*, 2019 VI SUPER 137U, ¶30 (unpublished) (denying summary judgment because four counts of the breach of contract claim seek nonmonetary relief).

on the other hand, have been able to present communiques and affidavits from relevant parties in support of their contentions.

¶11     Rather than dispute the material facts of the case, Day Spa and Kelly seek to either extend the time that this litigation has been pending before the Court, or alternatively, seek the Court's help by ordering mediation at this late stage. It is not that they have presented 'mere colorable' evidence, they have presented none, and rest merely on their initial claims and allegations. The Court is mindful that the lengthy pendency of this matter has provided Day Spa and Kelly with more than enough time to gather and present some form of evidence to support their defenses and counterclaims.

¶12     Because there appears to be not only no genuine or material fact in dispute, but no facts in dispute at all beyond the mere allegations in the proceeding, the Court finds that summary judgment is proper in the instant case. The Court now turns its attention to Greenleaf's claims for debt and breach of contract.

### B. Validity of Greenleaf's Debt and Breach of Contract Claims

¶13     Day Spa signed a five-year lease with Plaintiff that obligated it to make payments from September 2013 through the end of August 2018. This lease required monthly payments of $4,200.00 in the first year, $4,300.00 in the second, $4,400.00 in the third, $4,500.00 in the fourth, and $4,600.00 in the fifth, in addition to water, sewer, gas, electric, cable, computer modem, and telephone service charges. Day Spa's last payment was on April 3, 2015 in the amount of $4,300.00, reducing the balance due from $10,455.01 to $6,155.01.

¶14     The Defendants failed to make any further payments after April 3, 2015. In June 2015, Day Spa abandoned the premises without legal justification and failed to pay the rent due and owing under the lease.

¶15     Greenleaf mitigated its damages by renting the premises to a new tenant effective April 1, 2017, albeit at a lower monthly rent of $3,450.00, which was $1,050 less than what Day Spa agreed to pay at the time it abandoned the premises.

¶16     Greenleaf has adequately proven an obligation owed to them through the lease and statements provided to this Court. Further, the lease and nonpayment indicate an agreement, a duty to pay, Day Spa's lack of payment, and damages to Greenleaf by failure to pay. This Court thus finds Greenleaf's charges of debt and breach of contract to be valid.

¶17     As of December 4, 2020, the total amount due and owing to Plaintiff from Day Spa is One Hundred Seventy-Three Thousand Six Hundred Ninety-Three and 17/100 Dollars ($173,693.17).[18]

---

[18] December 30, 2020 Affidavit of Wayne Greenleaf and Invoice attached as Exhibit 1.

## IV. CONCLUSION

¶18 Greenleaf is the landlord of a commercial building in St. John. It sued Day Spa and Kelly over nonpayment of rent and breach of contract of their lease. Day Spa and Kelly respond that they were constructively evicted, and that Greenleaf breached the covenant of quiet enjoyment, among other allegations. Greenleaf has provided evidence, including financial statements, emails, and the lease to support its Motion for Summary Judgment. In contrast, Day Spa and Kelly have provided no evidence in support of their constructive eviction claim. Instead, they requested additional time and that the Court order mediation.

¶19 This matter has been pending for over three years. There has been ample time for evidence gathering or settlement negotiations. The Court fails to see how mediation would accomplish anything beyond further delay. Because there has been no showing of a genuine or material disputed fact on Plaintiff's claims for debt and breach of contract, its Motion for Summary Judgment will be granted. Further, Day Spa has failed to present any evidence that would entitle it to the relief requested in its counterclaims, the Court will also enter judgment in favor of Greenleaf and against Day Spa and John Kelly on their counterclaims.

A Judgment consistent with this Memorandum Opinion follows.

DATED: 1|11|2021

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

By: _____
**Donna D. Donovan**
Court Clerk Supervisor _1/12/2021_

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
**\*\*\*\*\*\*\*\*\*\*\*\*\***

GREENLEAF COMMONS, LLC, )

                            Plaintiff, )

    v. )

ST. JOHN DAY SPA & SALON, LLC, )
and JOHN KELLY, )

                       Defendants. )

ST. JOHN DAY SPA & SALON, LLC, )
and JOHN KELLY, )

    Defendants/Counter-Plaintiffs, )

    v. )

GREENLEAF COMMONS, LLC, )

    Plaintiff/Counter-Defendant. )

CASE NO. ST-2015-CV-00407

**ACTION FOR DEBT, BREACH OF CONTRACT, DAMAGES, ENFORCEMENT OF LANDLORD'S LIEN**

## JUDGMENT

**AND NOW** consistent with the Memorandum Opinion entered on even date, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment, filed on July 12, 2017, is **GRANTED**; and is it further

**ORDERED, ADJUDGED AND DECREED** that Defendants St. John Day Spa & Salon, LLC and John Kelly are jointly and severally liable and indebted to Plaintiff Greenleaf Commons, LLC in the amount of **ONE HUNDRED SEVENTY-THREE THOUSAND SIX HUNDRED NINETY-THREE and 17/100 DOLLARS ($173,693.17)** as of December 4, 2020; and it is further

**ORDERED** that Plaintiff's Motion For Ruling On Unopposed Motion For Summary Judgment, filed on February 23, 2018, is **DENIED as moot**; and it is further

**ORDERED** that Defendants' Opposition To Plaintiff's Motion For Ruling On Allegedly Unopposed Motion For Summary Judgment, filed on March 19, 2018, is **DENIED**; and it is further

**ORDERED** that Defendant John Kelly's Motion For Mediation Order, filed on October 5, 2018, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Second Motion For Ruling On Unopposed Motion For Summary Judgment, filed on May 17, 2019, is **DENIED as moot**; and it is further

**ORDERED** that Defendant John Kelly's Second Motion For Mediation Order, filed on July 2, 2019, is **DENIED**; and it is further

**ORDERED** Plaintiff's Third Request For Ruling On Unopposed Motion For Summary Judgment, filed on June 11, 2020, is **DENIED as moot**; and is it further

**ORDERED** that Defendants' counterclaims are **DISMISSED;** and it is further

**ORDERED** that a copy of this Judgment and accompanying Memorandum Opinion shall be directed to Attorney Matthew Duensing, counsel for Plaintiff, and to Defendants St. John Day Spa & Salon, LLC and John Kelly at 3401 Tuckaway Dr., Mount Airy, MD 21771.

DATED: January __11__ , 2021

**DENISE M. FRANCOIS**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

By: _____
*for* **LORI BOYNES**
Chief Deputy Clerk __1__ / __12__ / __2021__