IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

NIAGARA DISTRIBUTORS, INC.,               )
                                          )        CASE NO. ST-2019-CV-00656
                        Plaintiff,        )
                                          )        ACTION FOR DEBT
        vs.                               )
                                          )
DAVID J. WARNER and BREAD DOUGH,          )
INC. d/b/a BREADS AND CAKES,              )
                                          )
                        Defendants.       )
                                          )

2022 VI Super 36U

## MEMORANDUM OPINION

**THIS MATTER** is before the Court on Defendant Bread Dough, Inc. d/b/a Breads and Cakes' ("Bread Dough" or "defendant") Motion to Dismiss, filed January 29, 2021. Niagara Distributors, Inc. ("Niagara" or "plaintiff") opposes this motion.[1] Bread Dough moves to dismiss this matter, pursuant to Virgin Islands Rules of Civil Procedure 12(b)(1) and 12(b)(6) and claims the Court lacks subject-matter jurisdiction and the Plaintiff has failed to state a claim upon which relief can be granted. For the reasons set forth herein, the motion will be denied.

---

[1] This matter is fully briefed. Niagara filed its opposition on February 6, 2021. Bread Dough filed its reply on February 25, 2021.

## BACKGROUND AND PROCEDURAL POSTURE

Niagara is a Florida corporation and Bread Dough is a U.S. Virgin Islands corporation. Defendant David J. Warner ("Warner") is a resident of the U.S. Virgin Islands. Warner has not joined the motion to dismiss. Warner has filed an answer to the complaint.

In the underlying complaint, Niagara alleges it sold Bread Dough various ingredients and materials for its wholesale bakery operation, for which Warner made some payments and accepted the deliveries in an individual capacity and on Bread Dough's behalf. Niagara further alleges that Warner and Bread Dough failed to pay for all supplies and food products, amassing a total debt of $55,289.80, excluding interest and late charges.

## DISCUSSION

V.I. R. CIV. P. 12(b) lists defenses to a claim for relief, which a party may assert by motion. V.I. R. CIV. P. 12(b)(1) offers relief for lack of subject-matter jurisdiction. V. I. R. Civ. P. 12(b)(6) allows dismissal for failure to state a claim upon which relief can be granted.

## I. This matter does not lack subject-matter jurisdiction.

### A. Legal Standard

Subject-matter jurisdiction is a prerequisite for any legal action, and the party asserting jurisdiction must generally prove that the court has subject-matter jurisdiction. *Raymond-Benjamin v. Assefa*, 2020 VI 1 ¶ 14 (citing *Gov't of the V.I. v.*

*UIW-SIU*, 64 V.I. 312, 323 (V.I. 2016)). A party may assert the defense of lack of subject-matter jurisdiction at any time during the pendency of the case. V.I. R. CIV. P. 12(b)(1). When subject-matter jurisdiction is challenged, the plaintiff bears the burden of persuasion. *Thomas v. Gov't of the V.I.*, No. ST-2014-CV-00312, 2015 V.I. LEXIS 46, at 5 (V.I. Super. Ct. May 8, 2015) (unpublished).

## B. Analysis

In the instant motion, Bread Dough argues Niagara lacks subject-matter jurisdiction because Niagara is a foreign corporation—its principal place of business being in Florida—and it has failed to follow the requisite steps permitting it to do business in the U.S. Virgin Islands. Specifically, Bread Dough argues that as an unregistered foreign company doing business in the U.S. Virgin Islands, Niagara is essentially evading franchise taxes, nonpayment of which creates a bar to filing suit in the U.S. Virgin Islands. *See* V.I. CODE. ANN. tit. 13, § 533. Niagara counters that the issue of subject-matter jurisdiction has already been resolved in an order issued by Honorable Denise M. Francois,[2] and such order must "continue to govern the [issue] in subsequent stages of the same case," pursuant to the law of the case doctrine. *Greene v. V.I. Water and Power Auth.*, 67 V.I 727 (V.I. 2017) (citing *Hodge v. Bluebeard's Castle, Inc.*, 62 V.I. 671, 688 (V.I. 2015)). In its reply, Bread Dough notes that Judge Francois merely stated that "there is no evidence before the Court

---

[2] Warner and Bread Dough previously filed a *pro se* motion to dismiss, which the Court treated as a motion challenging subject matter jurisdiction. However, the Court denied the motion. *See* Order Denying Def.'s Mot. to Dismiss, issued Nov. 10, 2020, by Hon. Denise M. Francois.

to suggest that Niagara Distributors' sale of supplies and food products to Bread Dough, Inc. could be construed as doing business in the Virgin Islands for the purposes of the Corporate Franchise Tax Act." Therefore, Bread Dough argues, the issue of subject-matter jurisdiction has not been explicitly decided. Additionally, Bread Dough notes that subject-matter jurisdiction can be raised at any time during the pendency of a case, citing V.I. R. CIV. P. 12.

### 1. Law of the Case Doctrine

The V.I. Supreme Court has adopted the law of the case doctrine. *V.I. Taxi Assoc. v. V.I. Port Auth.*, 67 V.I. 643, 672 (V.I. 2017). The doctrine says that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Id.* at 669 (quoting *Arizona v. California*, 460 U.S. 605, 618 (1984)). In a recent case from the Superior Court of the Virgin Islands, a defendant sought dismissal for lack of subject-matter jurisdiction. *Jones v. Jerome*, 62 V.I. 160, 163 (V.I. Super. Ct. 2015). The Court had previously denied a motion to dismiss filed on the same grounds, though it had been filed by the opposing party. *Id.* However, the court rejected the law of the case argument, finding the doctrine does not bar dismissal of the case. *Id.* The court in *Jones v. Jerome* found the doctrine was purely discretionary under the circumstances of that case because the court can revise previous orders at any time before entry of judgment adjudicating all claims. *Id.* at n.2 (citing *Stryker Corp v. TIG Ins. Co.*, No. 1:05–CV–51, 2014 U.S. Dist. LEXIS 5119, at *3–5 (W.D. Mich. Jan. 15, 2014) (stating "the law of the case

doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case . . . [T]his aspect of the law of the case doctrine does not limit the court's power, but merely directs its discretion")).

The *Jones* case is instructive for the instant matter. The order entered by Judge Francois denies Bread Dough's motion to dismiss, because "there is no evidence" that Niagara "could be construed as doing business in the Virgin Islands for the purposes of the Corporation Franchise Tax Act".[3] However, Judge Francois' order does not explicitly state the suit has or lacks subject-matter jurisdiction, and the issue of subject-matter jurisdiction may be raised at any time during the pendency of a case. V.I. R. CIV. P. 12(b). Further, as informed by the *Jones* case, a court need not find that a previous order denying dismissal for lack of subject-matter jurisdiction activates the law of the case doctrine, and may revise such intermediate decisions at its discretion, pending final adjudication. Therefore, the Court agrees with Bread Dough that the law of the case doctrine need not apply in this context and will assess Niagara's claim for lack of subject-matter jurisdiction.

## 2. *Subject-Matter Jurisdiction*

"The applicable standard of review under Rule 12(b)(1) differs depending on whether the moving party has made a facial attack or a factual attack on the court's

---

[3] *See* Order Denying Def.'s Mot. to Dismiss, issued Nov. 10, 2020, by Hon. Denise M. Francois. Notably, the first motion to dismiss filed by David Warner, on February 11, 2020, and adjudicated by Judge Francois, did not specify a legal basis on which the Court should dismiss the matter. Therefore, that court surmised the defendants were requesting dismissal for lack of subject-matter jurisdiction under V.I. R. CIV. P. 12(b)(1).

power to hear the case." *Tutu Park, Ltd. v. Gov't of the Virgin Islands*, 2019 VI Super 30U ¶ 6 (quoting *James-St. Jules v. Thompson*, No. SX-09-CV-136, 2015 WL 13187393 *2, 2015 V.I. LEXIS 74 *6 (V.I. Super. Ct. June 25, 2015) (unpublished)). In a facial attack, the argument assesses a claim on its face, specifically arguing its failure to sufficiently establish subject matter jurisdiction. *Racz v. Cheetham*, 2019 VI Super 99U ¶ 8 (citing *Williams v. Juan F. Luis Hosp.*, 2019 VI Super 56U ¶ 3). When considering a facial attack, the court accepts the allegations within the complaint as true, considering them in the light most favorable to the non-moving party. *Id.* (citing *Williams*, ¶ 4). In contrast, a factual attack occurs "when a defendant disputes the existence of certain jurisdictional facts . . ." and a factual attack may only occur "after the allegations of the complaint have been controverted." *Tutu Park, Ltd.*, ¶ 6 (quoting *James-St. Jules*, 2015 V.I. LEXIS 74 at *7-8, 2015 WL 13187393, at *3). In considering a factual challenge, the court "does not presume the plaintiff's allegations are true," *Racz*, at ¶ 9, but asks the court to consider the evidence and satisfy itself of its jurisdictional authority to hear the case. *Hansen v. Governor Juan F. Luis Hosp. & Med. Ctr.*, Civ. No. SX-15-CV-509, 2018 WL 4279447, at *3 (Jun. 22, 2018). Therefore, in a factual attack, "the burden of proving the existence of subject matter jurisdiction lies with the plaintiff." *Tutu Park, Ltd.*, at ¶ 6 (quoting *James-St. Jules*, 2015 V.I. LEXIS 74 at *7, 2015 WL 13187393, at *3).

In this matter, Bread Dough is making a factual attack because it disputes the existence of appropriate jurisdictional facts and Niagara's authority to bring this

matter. Specifically, Bread Dough states that Niagara failed to register with the Lieutenant Governor's office, as is required under V.I. CODE. ANN. tit. 13, § 401, such that Niagara is effectively evading payment of franchise taxes under 13 V.I.C. § 533, non-payment of which bars filing suit in the Virgin Islands. Accordingly, the burden of proving the existence of subject-matter jurisdiction lies with the plaintiff. *Tutu Park, Ltd.*, at ¶ 6.

Title 13, section 531(a) of the Virgin Islands Code requires the payment of franchise tax by every U.S. Virgin Islands corporation and by every foreign corporation qualified to do business or doing business in the U.S. Virgin Islands. [4] A foreign corporation qualifies to do business in the U.S. Virgin Islands by complying with the prerequisites of 13 V.I.C. § 401(a), including filing documentation with the Lieutenant Governor of the territory.[5] Because Niagara is a foreign corporation, it must adhere with such requirements. However, it is undisputed that Niagara has not registered as a foreign corporation; therefore, Niagara is not "qualified" to do business in the Virgin Islands. Further, V.I. CODE. ANN. tit. 13, § 530(b) states in part that "a foreign corporation shall be deemed to be doing business in the United States Virgin Islands if it maintains an office in the United States Virgin Islands" (emphasis

---

[4] Title 13 V.I.C. § 531(a) states, in pertinent part: "Every corporation incorporated under the laws of the United States Virgin Islands and every foreign corporation qualified to do or doing business in the United States Virgin Islands shall pay to the Lieutenant Governor for the use of the Government of the United States Virgin Islands, a franchise tax . . ." (emphasis added).

[5] Title 13 V.I.C. § 401(a) states, in pertinent part: "No corporation created by the laws of any foreign country or any state of the United States, or the laws of the United States, shall do any business in the United States Virgin Islands through or by branch offices, agents or representatives located in the United States Virgin Islands until it shall have filed in the office of the Lieutenant Governor . . ."

added). There is no indication that Niagara maintains an office in the U.S. Virgin Islands, and, in fact, the affidavit offered by Niagara's CEO, Janet Lucci, explicitly states that Niagara has no office, agent, or representative in the U.S. Virgin Islands.[6] Accordingly, though Niagara is a foreign corporation, it is neither qualified nor registered to do business in the U.S. Virgin Islands under the statutory definitions.

Notably, the District Court of the Virgin Islands has held that the lack of an office in the territory "alone is not dispositive because section 530(b)'s definition of 'doing business' is not all-inclusive". *M&T Mortg. Corp. v. White-Hamilton*, 41 V.I. 269, 271 (D.V.I. Apr. 26, 1999). The phrase "doing business" also refers to "activities which constitute a *substantial* part of the company's ordinary or customary business." *Id.* (quoting *Am. Fid. Fire Ins. Co. v. Construcciones Werl, Inc.*, 12 V.I. 325, 367 (1975) (emphasis in original)). For example, in *M&T Mortgage Corporation v. White-Hamilton*, the District Court of the Virgin Islands found that, of the corporation's 154,570 total mortgages, only 34 originated in the Virgin Islands. *Id.* Therefore, that court found the operations in the Virgin Islands did *not* amount to a "substantial" portion of the corporation's ordinary business, such that the court could not find that the corporation was "doing business" in the Virgin Islands. *Id.* Similarly, in the instant matter, in its opposition Niagara states that its "business is on a global scale generating millions of dollars in revenues of which less than 1% is earned in the Virgin Islands," citing a statistic sworn to by Niagara CEO Janet Lucci in her

---

[6] *See* Affidavit of Janet Lucci, signed Feb. 5, 2021, at ¶ 6.

affidavit.[7] There is no other information before the Court contradicting this statistic. The Court finds this to be such an insignificant amount of Niagara's overall business that it cannot be construed as "substantial" and therefore, following the District Court's decision in *M&T Mortgage Corporation*, this Court finds that the quantity of business that Niagara conducts in the Virgin Islands does not rise the level necessary to find that Niagara is "doing business" in the Virgin Islands.

In several cases before Virgin Islands courts, litigants have made the same argument Bread Dough makes here: because their opponent is foreign, unregistered, and unqualified to do business in the Virgin Islands, the litigants have argued the suit must be barred under the Virgin Islands Code. *See Standex Co. v. John*, 27 V.I. 157 (V.I. 1992); *Inland Northwest Health Servs. v. Gov't of the V.I.*, No. SX-20-CV-24, 2016 WL 9454135 (V.I. Super. Ct. June 22, 2016). In *Standex Co. v. John*, Standex was a New York corporation with some business in the Virgin Islands. *Standex Co.*, 27 V.I. at 158. It sold and delivered bakery ingredients and materials to the defendants, who refused to pay. *Id.* The defendants moved to dismiss the complaint on grounds that Standex lacked capacity to maintain the action because it was not registered to do business in the Virgin Islands and did not pay a franchise tax. *Id.* In *Inland Northwest Health Services v. Government of the Virgin Islands*, the plaintiff was a Washington corporation, doing business in the Virgin Islands. *Inland Northwest Health Servs.*, 2016 WL 9454135, at *1. The plaintiff alleged that it

---

[7] *See* Affidavit of Janet Lucci, signed Feb. 5, 2021, at ¶ 4.

provided services to the defendant and sent relevant invoices, that the defendant did not dispute the invoices or the amount due, but that the defendant did not pay for the services provided. *Id.* The courts in both cases concluded that although the opponent was a foreign corporation, unregistered to do business in the Virgin Islands, and unqualified to do such business, the V.I. Code does not bar such corporations from maintaining an action in the Virgin Islands. *Standex Co.*, 27 V.I. at 161 (stating the "Court resists the temptation to declare that what we have in this instance is a mere legislative oversight and then read into the statute what is not in its text . . . based upon the dictate of the relevant statutory provisions, the Court holds that a non-qualified foreign corporation may not be barred from maintaining an action in the Virgin Islands"); *Inland Northwest*, 2016 WL 9454135, at *4 (finding that "INHS was neither a foreign corporation qualified to do business nor doing business in the Territory, [so] it was not obligated to pay franchise tax pursuant to the provisions of 13 V.I.C. § 531(a). Because INHS was not so obligated, it is not barred from commencing or maintaining this action pursuant to 13 V.I.C. § 533(a)").

The analysis in the foregoing cases tracks the instant situation. This Court finds that Niagara is neither qualified to do business *nor* doing business under the definitions in the V.I. Code and relevant case law, so Niagara is not required to pay franchise taxes, pursuant to the language of 13 V.I.C. § 531(a). Accordingly, the nonpayment of such taxes cannot bar Niagara from filing suit in the Virgin Islands. The parties make no other arguments—and the Court sees no other basis—that

subject-matter jurisdiction is lacking. Therefore, the Court will deny the portion of Bread Dough's motion requesting dismissal for lack of subject-matter jurisdiction.

## II.    This matter does not fail to state a claim upon which relief can be granted.

### A. Legal Standard

The Virgin Islands is a notice pleading jurisdiction for purposes of stating a claim. V.I. R. CIV. P. 8 (a)(2). The purpose of the notice pleading standard is to avoid "dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief." V.I. R. CIV. P. 8 Reporter's Note; *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017). Thus, the Court takes an "even more liberal approach than that prescribed by Virgin Islands precedent applying Fed. R. CIV. P. 8(a)(2) when considering if a complaint adequately alleges facts that put an accused party on notice of claims brought against it." *Brathwaite v. H.D.V.I. Holding Co., Inc.*, No. ST-16-CV-764, 2017 WL 2295123, at *2 (V.I. Super. Ct. May 24, 2017). To evaluate a motion to dismiss for failure to state a claim, a court "merely tests whether the claim has been adequately stated in the pleading;" it does not address the merits of the claim. *Oxley v. Sugar Bay Club & Resort Corp.*, No. ST-18-CV-96, 2018 WL 4002726, at *2 (V.I. Super., May 14, 2018).

### B. Analysis

In the instant matter, Bread Dough alleges that Niagara has failed to adequately state a claim for debt. Under Virgin Islands common law, an action for debt requires the plaintiff demonstrate that (1) the defendant owes a certain amount

and (2) the defendant is or should be obligated to pay that amount. *Greenleaf Commons, LLC v. St. John Day Spa & Salon, LLC,* 2021 VI Super 2U ¶ 9 (citing *Carlos Warehouse v. Thomas,* 64 V.I. 173, 193 (V.I. Super. Ct. 2016)).

In Niagara's complaint, it argues that "defendants executed invoices amassing a total debt of $55,289.80," thereby satisfying the first requirement to state a claim for debt. As for the second requirement, the complaint states that "defendant[] David J. Warner purchased supplies and food products in his individual capacity in the furthering of defendant Bread Dough, Inc.'s business in the U.S. Virgin Islands," and Niagara "served a demand for payment notice on defendants, and they have failed or refuse to tender payment without just cause or legal excuse."[8] Niagara also attached a demand letter to its original complaint, stating that defendants' "sporadic payments in small sums of money is unacceptable".[9] The Court determines that Niagara has claimed facts that, if true, demonstrate Bread Dough and Warner are obligated to pay Niagara for the unpaid debts claimed. Therefore, Niagara has also satisfied the second requirement to state a claim for debt.

Accordingly, under the standard of review for a V.I. R. CIV. P. 12(b)(6) motion, "the claim has been adequately stated in the pleading," and the Court need not yet evaluate the issues on the merits. The Court therefore finds that Niagara has

---

[8] Compl. at ¶ 7, 8.
[9] Compl., attached Exhibit "Demand Letter for Full Payment".

satisfied the notice requirements, so the portion of Bread Dough's motion alleging Niagara failed to state a claim upon which relief could be granted will also be denied.

## CONCLUSION

For the reasons set forth herein, Defendant Bread Dough's motion to dismiss will be denied. Although Niagara is a foreign corporation, unregistered and unqualified to do business in the Virgin Islands, it is not performing a "substantial" amount of business in the Virgin Islands. Accordingly, the Court finds it is not subject to franchise taxes and therefore is not barred from bringing suit in the Virgin Islands for such nonpayment. Therefore, the 12(b)(1) motion for lack of subject-matter jurisdiction is denied. Additionally, Niagara has satisfied the notice pleading requirements for stating a claim for debt, so the 12(b)(6) motion is also denied.

An order consistent herewith will immediately follow.

DATED: March 18, 2022

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA CAMACHO**
Court Clerk Supervisor 3 / 18 / 2022

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

NIAGARA DISTRIBUTORS, INC.,        )
                                   )        CASE NO. ST-2019-CV-00656
                Plaintiff,         )
                                   )        ACTION FOR DEBT
        vs.                        )
                                   )
DAVID J. WARNER and BREAD DOUGH,   )
INC. d/b/a BREADS AND CAKES,       )
                                   )
                Defendants.        )
_____)

## ORDER

**THIS MATTER** is before the Court on Defendant Bread Dough, Inc. d/b/a Breads and Cakes' Motion to Dismiss. In accordance with the Memorandum Opinion entered on this day, it is hereby

**ORDERED** that the Motion to Dismiss is **DENIED**; it is further

**ORDERED** that Defendant Bread Dough shall file an answer to the complaint **within twenty-one (21) days of entry of this Order**; it is further

**ORDERED** that by **April 30, 2022**, the parties shall conduct a Scheduling Conference pursuant to Rule 26(f) of the Virgin Islands Rules of Civil Procedure and shall submit to the Court by **May 15, 2022** a written report setting forth a proposed discovery plan, together with a proposed order adopting the discovery plan as the Scheduling Order in this case; and it is further

**ORDERED** that copies of this Order and the Memorandum Opinion shall be

distributed to counsel of record.

DATED: March _/8_, 2022

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA CAMACHO**
Court Clerk Supervisor  3 / 18 / 2022